## SHARMAN *vs.* THE TOWN COUNCIL OF THOMASTON.

Where the chancellor of a circuit other than that in which a bill is brought presides on the hearing of an application for injunction at chambers, the ground for the exercise of such authority should appear. None such appearing in the record of this case, the judgment is reversed, and the case remanded for a hearing before the proper judge.

Injunction. Jurisdiction. Before Judge WILLIS. Upson Superior Court. At Chambers. November 11th, 1881.

Reported in the decision.

ROBERT F. PATILLO, by brief, for plaintiff in error.

ALLEN & TISINGER, for defendant.

JACKSON, Chief Justice.

A restraining order was granted to the complainant on the application for an injunction in the county of Upson by the judge of the superior court of the Flint circuit, exercising chancery powers in that county and within that circuit.

At the time appointed for the hearing, the judge of the superior courts of the Chattahoochee circuit, holding a term of the superior court in Upson county, sat on the case at chambers and refused the injunction. The refusal of the injunction by him is the judgment which is here assigned as error.

By section 247 of the Code the judges of the superior courts have "authority to grant for their respective circuits writs of injunction."

By the 248th section, that authority may be exercised by any judge of another circuit, "whenever the resident judge is absent from the circuit, so that the business cannot be done as speedily as necessary, or is indisposed, or

interested, or is laboring under any disqualification or inability to serve, or in case the circuit should be, for any cause, without a judge. The authority, when thus exercised, should show the grounds."

The grounds on which the judge of the Chattahoochee circuit exercised this authority in the Flint circuit, nowhere appear in this record. The judgment refusing the injunction must therefore be reversed on the ground that the judge of .the Chattahoochee circuit had no authority to refuse this injunction, or to grant it, or interfere in any wise at chambers with the restraining order granted by the judge of the Flint circuit, unless in case of the happening of one of the contingencies specified in section 248 of the Code above cited; and no such contingency had occurred, so far as appears from the record before us.

It is therefore ordered that the case be remanded, with instructions that the judge of the superior courts of the Flint circuit consider the application again, at such time and place as he may appoint, and pass upon the merits thereof.

Judgment reversed.