## CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF SOUTH CAROLINA.

---

Justices of the Supreme Court during the Period comprised in
this Volume.

HON. WILLIAM D. SIMPSON, CHIEF JUSTICE.
HON. HENRY McIVER, ASSOCIATE JUSTICE.
HON. SAMUEL McGOWAN, "      "

---

## WHIPPER v. TALBIRD.

1. The right of appeal exists only where granted by some constitutional or statutory provision. From the decision of a Board of State Canvassers declaring who has been elected to a county office, no appeal lies.
2. Section 358 of the Code of Procedure does not confer any right of appeal, but only declares to what court an appeal from an inferior court shall be taken, how it may be made to operate as a supersedeas, and how it shall be heard.
3. But the Board of State Canvassers is not an inferior court or jurisdiction—it is a special tribunal invested with jurisdiction to determine finally the result of elections where the power so to do is not vested by the constitution in some other body.
4. An appeal governed by the provisions of section 358 of the Code must be taken to the Circuit Court of the county where the judgment was rendered. All other Circuit Courts are without jurisdiction. The

determination by the Board of State Canvassers of the result of an election is rendered at the State capital, in Richland County.

Before WITHERSPOON, J., Beaufort, May, 1889.

In connection with this case, read the next succeeding case of *Ex parte Whipper*, *post*, p. 5. W. J. Whipper and Thomas Talbird were candidates for the office of probate judge at the general election held in Beaufort County on November 6, 1888. After the election and a canvass of the votes and returns, the county board of canvassers reported that Talbird was elected. Whipper contested this report before the State board of canvassers, who, after a hearing, declared Talbird to be elected. From this determination Whipper appealed to the Circuit Court of Beaufort County, and from the order of that court dismissing his appeal, he appealed to this court on the following exceptions:

I. Because his honor erred in deciding that there was, under the law, no appeal from the State board of canvassers to the Circuit Court. II. Because his honor erred in deciding that the Circuit Court of Beaufort County had no jurisdiction in the cause. III. Because the decision in *Ex parte* Mackey, 15 S. C., was made before the law now of force, and has no relevancy whatever to this case, and his honor erred in not so finding. IV. Because the State board of canvassers having decided there was error in the action of the county board of canvassers, and yet having neglected to afford the remedy due the appellants, and having ended its functions without giving such relief, to hold that there are no means by which such error can be corrected, would be to affirm the proposition that there is a wrong done for which there is no remedy provided by law, and his honor erred in not so finding.

*Messrs. S. J. Lee* and *A. G. Magrath*, for appellants.

*Mr. W. J. Verdier*, contra.

January 7, 1890. The opinion of the court was delivered by MR. JUSTICE McIVER. But two questions are raised by this appeal: 1st. Whether there is any appeal allowed by law from the action of the board of State canvassers in determining and

declaring what persons have been duly elected to the various county offices.    2nd. If so, whether the appeal in this case to the Circuit Court for Beaufort County was proper, or whether it should not have been to the Circuit Court for the County of Richland, that being the county wherein the judgment sought to be appealed from was rendered.

The right of appeal does not exist in every case, and can only be claimed under some constitutional or statutory provision conferring such right.    It has long been settled in this State that an appeal is not to be allowed from an inferior or special tribunal except in cases where it is expressly granted by law.    *Carmand* v. *Wall*, 1 Bail., 209, recognized and followed in *State* v. *Bowen*, 3 Strob., 573; *State* v. *Friday*, 4 Rich., 291; and *Ex parte Bell*, 14 Rich., 7.    In *Carmand* v. *Wall*, the right to appeal from the decision of tribunals invested with authority to determine the validity of elections is expressly mentioned as one of the cases in which the right has always been denied, unless authorized by some act of the legislature.    See also *Grier* v. *Shackleford*, 3 Brev., 491.

This being the settled rule, it is incumbent on the appellants to point out some law investing them with the right of appeal from the action of the State board of canvassers.    It cannot be pretended that there is any constitutional provision securing the right in question, nor is there, in our opinion, any act of the legislature conferring such right.    It certainly is not to be found in section 132 of the General Statutes, investing the board of State canvassers with power "to determine and declare what persons have been, by the greatest number of votes, duly elected," and giving them power and making it their duty "to decide all cases under protest or contest that may arise, when the power to do so does not by the constitution reside in some other body;" and the absence of any provision securing the right of appeal from their decision, necessarily implies that the legislature intended that their decision should be final, in accordance with what had always been the policy of the State in reference to the determination of disputed elections.    This is in accordance with the view taken in *Ex parte Mackey* (15 S. C.. 322), which is just as applicable to the law as it now stands as it was to the law as it then stood;

for there really has been no change, since that decision, in the terms of the section relating to the powers and duties of the board of State canvassers, so far as the present inquiry is concerned.

· It is urged, however, that the right of appeal in this case is secured by the provisions of section 358 of the Code of Procedure. That section, as amended by the act of 1887 (19 *Stat.*, 832), reads as follows: "When a judgment is rendered by a trial justice's court, by the county commissioners, or any other inferior court or jurisdiction, save the Probate Court, heretofore provided for in this Code of Procedure, the appeal shall be to the Circuit Court of the county wherein the judgment was rendered, and shall amount to a supersedeas, if the party against whom judgment is rendered shall execute a good and sufficient bond with surety to pay the amount of the judgment and costs in the event that he fail to sustain such appeal, and in all cases in which such bond with surety shall be filed, no execution shall issue until the termination of such appeal. The said appeal shall be heard by the court upon all the papers in the case, including the testimony on the trial, which shall be taken down in writing and signed by the witnesses, and the grounds of exception made, without the examination of witnesses in court."

It seems to us that the bare reading of that section is sufficient to show that it has no application whatever to the question under consideration. It does not even purport to confer the right of appeal in any case, but is simply designed to declare that when an appeal has been taken in a case provided for by law, 1st. To what court the appeal shall be made. 2nd. To provide how such appeal may be made to operate as a supersedeas. 3rd. How such appeal shall be heard. This is the entire scope and purpose of the section, and we do not see how it is possible to construe its language as conferring a right of appeal in any case. If, however; it were possible to do so, then it would be necessary to construe it as conferring a right of appeal in every case, for there is nothing whatever to limit it to any particular kind or class of cases. Now, it is very manifest that the legislature did not intend to confer the right of appeal in every case, for after section 358 had been incorporated in the Code of 1882 in the identical lan-

guage in which it now stands, except the provision as to the mode by which the appeal can be made to operate as a *supersedeas* (the only alteration made by the act of 1887), the legislature, by the act of 1883 (18 *Stat.*, 556), to provide for an expeditious mode of ejecting trespassers, expressly provided that either party should have the right of appeal from the judgment of the trial justice, which would have been wholly unnecessary if the legislature had supposed that the right of appeal had already been conferred by section 358 of the Code of 1882.

But again, we are not prepared to admit that the board of State canvassers is an "inferior court or jurisdiction" in the sense of those terms as used in section 358 of the Code. On the contrary, that board seems to us to be a special tribunal invested with jurisdiction to determine finally the result of such elections where the power so to do is not vested by the constitution in some other body.

Under the view which we have taken of the first question, the second becomes wholly unimportant. We may say, however, that even if section 358 of the Code could be construed as conferring the right of appeal in this case, yet as that section expressly declares that "the appeal shall be to the Circuit Court of the county wherein the judgment was rendered," it is quite clear that the Circuit Court for Beaufort County had no jurisdiction of an appeal from a judgment rendered in Richland County, and therefore could not have granted any valid order of any kind in the case.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.