REESE v. MEETZE.

1. A JUDGMENT cannot be set aside in a collateral proceeding upon grounds not appearing on face of the record.
2. TRUSTS—CLAIMS disallowed because not charges on trust estate.
3. LIMITATION OF ESTATES—TRUSTS—RES JUDICATA.—The order attempted to be set aside is judicial in its nature, *res judicata* as to appellant, and under it the *cestui que trust* having died intestate, the appellant is excluded from any interest.
4. TRUSTS—TRUSTEE—COMMISSIONS.—When a trustee invests all trust funds for benefit of *cestui que trust*, he is entitled to commissions, without interest, upon settlement of trust estate at its termination.

Before BENET, J., Lexington, June, 1897.   Modified.

Action for partition by Dovie Elmira Reese *et al.* against Mollie Meetze *et al.*, and Drury J. Harman, and Simeon Corley, trustee.   The Circuit decree is as follows:

This action, brought by the plaintiffs for the partition of a tract of land in Lexington County, described in the complaint, alleges that Mrs. Charlotte Harman died in 1895, intestate, in possession of said tract of land.   That the said land was conveyed to Simeon Corley, trustee, in April, 1862, in trust for the said Mrs. Charlotte Harman for her lifetime, and if not conveyed or devised by her, then to her distributees in remainder, share and share alike, excluding therefrom her husband, Drury J. Harman.   That the said Mrs. Harman had five children, Dovie Almira Reese, Julia Caroline Snyder, Mary Elizabeth Snyder, and Sallie Lorrick, all of whom survived her, and that one daughter predeceased her, leaving as her next of kin and distributees her children, H. Albert Meetze, Sallie Elizabeth Williams, Lucy Charlotte Frazee, Jesse G. Meetze, Ettie Almira Reynolds, Mollie Meetze, Mille Meetze, and Simeon C. Meetze.   The trustee, Simeon Corley, was made a party defendant, but it was alleged that he had no interest whatever in the property. Drury J. Harman, the husband of the said Mrs. Charlotte Harman, on the 27th of February, 1897, presented to the

Court his petition, alleging that this action had been commenced, that he was one of the distributees of the said Mrs. Charlotte Harman, and that he was entitled to be reimbursed certain payments made by him in defending the title to said property, and on the contracts of the said Mrs. Charlotte Harman, and asking that he be made a party defendant, and be allowed to come in and answer. The prayer of his petition was granted by the order of the Court. He answered by admitting the principal allegations in the complaint, but alleged that he was not bound by the trust in the deed, upon the ground that the attorneys whom he had employed to bring the partition proceedings, during the year 1860, of Mrs. Charlotte Harman against Caroline Satcher and Drury J. Harman, for the partition of certain negro slaves, the proceeds of which was the subject of the trust, and in which proceeding the trust was created, had not carried out the representations made to the defendant in regard to the nature of the trust; and further, that he had no notice of the contents of the decree creating the trust having been filed or recorded until after the death of his said wife. He also alleges that he paid to the solicitors in this original case the sum of $75 for their services, and that he has expended the sum of $125 in preserving the title to the property, and insists that he should be paid these amounts.

The defendant, Simeon Corley, trustee, answers, admitting the allegations in the complaint, except that portion which denies that he has any interest in the property, and says that he received as trustee the sum of $1,229.22, which he invested in the said tract of land, and out of which he retained no commissions, and that he is entitled to the commissions upon that amount, with interest from the time of its investment, and insists that the same be paid him out of the property. The case was heard by me in open Court during the June term of Court of Common Pleas for said county. The trust deed from John H. Meetze to Simeon Corley, trustee, was put in evidence, which conveyed the land described in the complaint to the said Simeon Corley,

trustee, "subject to the provisions of the trusts according to the order of the Court of Equity appointing said trustee;" also the judgment roll in the old Court of Equity in the case of Charlotte Harman, *per pro ami*, Nathaniel Harman *v.* Caroline Satcher and Drury J. Harman. This proceeding was a bill brought by Charlotte Harman for the partition between her and her sister, Caroline Satcher, of a negro woman and two children, which property she alleged came to her and her sister by deed from her father. She further alleged that the said property had never been in the possession of her husband, Drury J. Harman; that he was greatly involved, and "she desires that her portion of the said property may be settled in trust to her sole and separate use, free from the control of and from all liabilities for the debts of her said husband, with power to her to dispose of the same, whether in her lifetime or by will, and on her death, without having disposed thereof, then in trust for her children in equal shares." This bill was filed January 31st, 1860. The defendants, Caroline Satcher and Drury J. Harman, filed their answer, signed *in personam*, and sworn to by each, in which they admit the allegations in the bill; and the said D. J. Harman, for himself, says: "And he admits that he has never had any possession of the said slaves, or of either of them, in any manner whatever. He admits, also, that he is greatly involved in debt, and he cannot justly or properly make any objection to the settlement of the said Charlotte Harman's share of the said property to her sole and separate use, as prayed for in the bill."

All of the necessary steps were taken up to the decree, which was entered by J. P. Carroll, which provided that the three slaves should be sold at Lexington C. H., on the first Monday in August next, or on some subsequent salesday. The decree further provides that out of the proceeds of sale, after deducting the costs and commissions, one-half be paid to Caroline Satcher, and of the other half $75 be allowed as a counsel fee for the complainant's solicitors, and that the remainder thereof be assigned to the trustee of the

complainant, to be held upon the trust about to be specified.
Then, after appointing Simeon Corley trustee for the com-
plainant, Charlotte Harman, and after requiring him to
enter into a bond of a specified amount with sufficient sure-
ties, it provides that the said trustee hold the fund intrusted
to him for "the sole and separate use of the said Charlotte
Harman, free from the control and from all liability for the
debts or contracts of her husband, the said Drury J. Har-
man, with power to invest the said fund in such property
as the said Charlotte Harman may desire, such to be ex-
pressed in writing, and with power to, also, at her like writ-
ten request, at any time to sell such property, or any portion
thereof, and to reinvest the proceeds in other property, to be
held upon the same trust, and with power to the said Char-
lotte Harman to dispose of such property, or the proceeds
thereof, as she may choose, by deed or by will duly executed,
notwithstanding coverture; and in case she should die with-
out having executed such deed or will, then in trust for her
legal distributees, excluding therefrom the said Drury J. Har-
man, her husband." All of these proceedings seem to have
been regular, and the decrees and orders properly recorded.
Out of the proceeds of sale, the commissioner in equity, as
appears by his receipt book put in evidence, paid to Simeon
Corley, trustee, the sum of $1,229.22 on the 24th day of
December, 1861; and the said trustee, as appears by his re-
turns on the 29th day of May, 1862, invested in the land
described in the complaint the sum of $1,229.22, and took
therefor the deed above stated. It is, therefore, perfectly
clear that upon the death of Charlotte Harman, without
having conveyed or devised the said property, it goes to her
in fee simple, excluding her husband, the said Drury J.
Harman, unless he has some such equity as that set up in
his answer. After the pleadings were read, and before any
testimony was offered, the plaintiff's attorneys stated that
they had served upon Messrs. Meetze & Muller, attorneys for
Simeon Corley, trustee, notice of motion for leave to plead
the statutes of limitations to the claim set up by the defend-

ant, Corley, and they then moved the Court for leave to file that plea to the claim set up by Corley, trustee, and also by Drury J. Harman, defendant. This motion is granted, and they have leave to file the pleas.

The defendant, Drury J. Harman, in his testimony, insists that the solicitors, Gregg & Adams, in the original proceedings, failed to carry out the understanding between him and them as to the manner in which the trust was to be created, and also that he had no notice of the decree. Upon the first point, his testimony is too indefinite and uncertain to warrant me in setting aside the clear provisions of the decree; besides, it seems to me that Gregg & Adams have fully carried out his instructions in the matter, and that the decree creating the trust is in exact conformity thereto. The second point I cannot sustain, because from the proof I find that the original papers in the proceeding of *Charlotte Harman, per pro ami,* v. *Caroline Satcher and Drury J. Harman,* were all the time on file in the proper office, and the orders and decree were recorded in the proper books, which were kept in the proper office. He, therefore, had constructive notice, if nothing more; besides, the peculiar method of expressing the trust in the deed was sufficient to put him upon inquiry. As to the $75 which he claims to have paid to Adams & Gregg, he says that the fee was to be $75, which he paid out of his own money. The decree provides that the sum of $75 should be the attorneys' fee, and the books of the commissioner in equity show that this amount was paid them in this way. It seems unreasonable that a fee of this kind should be paid otherwise than as indicated by the record. The defendant says that he is now more than eighty years of age, and that this transaction was more than thirty-seven years ago, and I must conclude that he is mistaken as to having paid this fee out of his own funds. Besides, if he paid this sum, as he says, out of his own funds, it was either a gift to his wife or a sum of money loaned her, for which she was individually liable. If the former, he cannot now set it up as a charge against her

22—51

estate, and if the latter, it is now long since barred by the statute of limitations. And, more than this, the wife had only a life estate in the property, and there is nothing out of which her individual debts could be paid. The only testimony upon the claim of $125 set up in the answer of the defendant, Harman, as money spent by him in preserving the title to the trust property, is that of this defendant himself, in which he says that he paid Samuel W. Melton, Esq., $50 as a fee for defending some sort of suit brought against him and his wife for the purpose of subjecting this land to the payment of his debts. The testimony is very indefinite and uncertain, and I cannot find that this amount is a charge upon the trust estate. The defendant, Corley, trustee, shows by his returns that on the 29th day of May, 1862, he invested in the land described in the complaint the sum of $1,229, which was the entire fund in hand. At that time, he was entitled to his commissions upon the amount received and disbursed by him. He says that since that time he has had nothing to do with the trust estate, and has made no demand upon the *cestui que trust* for his commissions. His right to demand commissions accrued at the time the fund was paid out. *Lanier* v. *Brunson*, 21 S. C., at page 49. Therefore, his claim for commissions is long since barred by the statute of limitations.

It is, therefore, adjudged and decreed, that the land described in the complaint is the property of the children of Charlotte Harman in fee simple, and shall be divided as follows: one-fifth to Dovie Almira Reese, one-fifth to Mary E. Snyder, one-fifth to Julia C. Snyder, one-fifth to Sallie Lorick, and the remaining one-fifth shall be equally divided between H. Albert Meetze, Sallie E. Meetze, Lucy C. Frazee, Jesse G. Meetze, Ettie A. Reynolds, Mollie Meetze, Millie Meetze, and Simeon C. Meetze.

It is further ordered, that the claims of the defendants, Simeon Corley, trustee, and Drury J. Harman, be disallowed. It is also further ordered, that it be referred to H. A. Spann, Esq., clerk of this court, to take the testimony and report

if it be to the best interest of all the parties to divide the land among them in kind or to sell the same for partition, and that he do report his conclusions thereon to this Court. And it is further ordered, that he take the testimony and report a suitable fee for plaintiffs' attorneys.

From this decree defendants, Harman and Corley, appeal.

*Messrs. Graham & Nelson,* for appellant, Harman, cite: *Order excluding Harman fraud as to him:* 2 Hill Ch., 95; 11 Mich., 68; 17 Ind., 272; 3 Allen, 261; 2 A. K., Marsh, 125; 2 B. Mon., 241; 3 Port., 297; 2 Ala., 632; 4 How., 435; 21 Vt., 129; 8 How., 134; 3 Summer, 3; 10 Smed. & Mar., 169; 2 Beu., 105; 20 Barb., 493; 1 Sneed, 497. *Attorney's fee for defendant estate is charge upon it:* Rev. Stat., 2095, 2096; 2 McC. Ch., *78, *214; 7 S. C., 178. *Statute of limitations cannot be set up against this debt:* Rich. Eq. Cases, 235; Harp. Eq., 184; 4 John., 398; 4 DeS. Eq., *77; 2 DeS. Eq., *52; 7 Rich. Eq., 105; McM. Eq., 126; 3 DeS. Eq., 223; 7 Rich. Eq., 430; 2 Wall, 92; 3 Eden, 285; 6 Wheat., 481.

*Messrs. Meetze & Muller,* for appellant, Corley, cite: *Duties of trustee did not end with death of Mrs. Harman:* 16 S. C., 546; 24 S. C., 452. *Statute could not run:* 7 S. C., 173; 2 McC., 78, 214; Rev. Stat., 2095, 2096; McM. Eq., 126; Rice Eq., 324; 50 S. C., 514.

*Messrs. Efird & Dreher,* contra, cite: *Judgment only set aside in collateral proceeding for fraud or irregularity apparent on face of record:* 46 S. C., 490. *Mistakes of counsel corrected only in cases of fraud:* 16 S. C., 619; 17 S. C., 441; 49 S. C., 525. *Dry trust:* 38 S. C., 71; 21 S. C., 493. *Commissions due when fund paid over:* 21 S. C., 41.

Feb. 21, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. The facts of this case are fully set forth in the decree of his Honor, Judge Benet, which will be incorporated in the report of the case.

The exceptions of the appellant, Drury J. Harman, are as

follows: 1. "For that his Honor erred in not holding that the testimony of the defendant, Drury J. Harman, failed to show that the solicitors, Gregg & Adams, had failed to carry out the understanding between him and said solicitors, as to the manner in which the trust was to be created, and that said testimony was too indefinite to warrant the Court in setting aside the decison of the Court of Equity in the case of Charlotte Harman against Caroline Satcher and Drury J. Harman. 2. For that his Honor erred in not finding and holding that Messrs. Gregg & Adams, who were the attorneys of both Charlotte Harman and Drury J. Harman, in the case of Charlotte Harman against Caroline Satcher and Drury J. Harman, in the action in the Court of Equity of Lexington County, in 1860, had failed to carry out the agreement between themselves and the said Drury J. Harman, in that they provided in the decretal order in said case, that if the said Charlotte Harman should die without having disposed of her property, that the said Drury J. Harman should be excluded from any share therein. 3. For that his Honor erred in not holding that the decretal order in the said case of Charlotte Harman against Caroline Satcher and Drury J. Harman having been procured just before the commencement of the war; that before the said war ended the court house and records at Lexington, S. C., were destroyed by Sherman's army, and that since that time the defendant, Drury J. Harman, made inquiry of the clerk of the court of Lexington County, and was informed that there was no record of said case, and that said record was not found until the year 1895, when Mr. Spann, the present clerk of court, found them; and consequently the said Drury J. Harman had no notice or knowledge of the contents of such record. 4. For that his Honor erred in not holding that the claim set up by the defendant, Drury J. Harman, for $125, money actually expended by him in preserving and protecting the property sought to be partitioned by the proceedings in this case, was a valid and subsisting claim, and should be paid out of the proceeds of the sale of the real

property sought to be partitioned in this case. 5. For that his Honor erred in not finding and holding that the defendant, Drury J. Harman, signed an answer in the case of Charlotte Harman against Caroline Satcher and Drury J. Harman, consenting to the sale of the property mentioned in that action, and consenting to the investment of the proceeds of said sale as prayed for in said case in 1860; believing that Messrs. Gregg & Adams would see that he should not be excluded from the distributive share of the estate of his wife, the said Charlotte Harman, if she should die without having disposed of the same; that said Harman did not have any notice that said decretal order excluded him from any share therein; and that said decretal order is not only without date, but was never marked filed. 6. For that his Honor erred in not finding and holding, that after Messrs. Gregg & Adams had prepared said decretal order, that they informed the said Drury J. Harman that if his said wife died without disposing of her property, so invested as aforesaid, that he would receive his distributive share therein; and upon such representation made to him as aforesaid,-he was misled and deceived, and was, therefore, clearly entitled to relief under the proceedings in this case; the more especially because the property stands in the same condition that it was in when title was first made to the trustee, and there are no *bona fide* purchasers without notice whose rights have intervened. 7. For that his Honor erred in not holding that, under the circumstances in this case, the defendant, Drury J. Harman, was entitled to one-third of the premises sought to be partitioned by the proceedings in this case. 8. Because his Honor erred in holding that the defendant, Drury J. Harman, did not pay Messrs. Gregg & Adams a fee for their services in the case of Charlotte Harman against Caroline Satcher and Drury J. Harman, and if he did so, that it was a debt for which his wife was individually liable, and that said debt was long since barred by the statute of limitations. 9. Because he erred in finding that the testimony of the defendant, Drury J. Harman, as

to the $50 paid Melton, was very indefinite and uncertain, and that said claim was not a charge upon the trust estate."

These exceptions raise the following questions: 1. Was the defendant, Drury J. Harman, bound by the proceedings in the case of Charlotte Harmon against Caroline Satcher and Drury J. Harman, out of which the trust estate arose? 2. Was there error in refusing to sustain the claim of $125 hereinbefore mentioned? 3. Was there error in refusing to sustain the claim of $75 hereinbefore mentioned? 4. Was there error in holding that the defendant, Drury J. Harman, was not entitled to one-third of the premises hereinbefore mentioned?

There is a reason, in addition to what his Honor, Judge Benet, says in his decree, why the exceptions raising the first of these questions cannot be sustained: The appellant, Drury J. Harman, seeks to set aside the judgment in the case of Charlotte Harman against Caroline Satcher and Drury J. Harman in this case, which is collateral to the case in which said judgment was rendered, upon grounds not appearing upon the face of the record. It has been so frequently decided, within the past few years, that the proper remedy in attacking a judgment for any defect not apparent upon the face of the record, is by a motion in the cause, and before the Court in which the judgment was recovered, that we deem it only necessary to refer to the case of *Drake* v. *Steadman*, 46 S. C., 474, and the cases therein cited, to sustain this ruling. The exceptions raising the first question are, therefore, overruled.

This Court is satisfied that his Honor was correct in refusing to allow the claims of $75 and $125, for the reasons stated in the decree. The exceptions raising the second and third questions are overruled.

The exception raising the fourth question is in very general terms. Even if it should be considered sufficient to raise the questions: first, that under the authority of the case of *Sires* v. *Sires*, 43 S. C., 272–3, and the cases therein cited, the general power of disposition of the property mentioned in

the deed, which was conferred upon Mrs. Harman, vested the *fee in her;* and second, that under the authority of the case of *Glenn* v. *Jamison*, 48 S. C., 316, the fee being vested in Mrs. Harman, the other parts of the deed inconsistent with the control and disposition of the land by her were null and void; and third, that the use was thereby executed; still we do not think the exception raising this question can be sustained. The order signed by Chancellor Carroll was not merely administrative, but judicial in its nature. *Converse* v. *Converse*, 9 Rich. Eq., 535. It was, therefore, *res judicata* as to Drury J. Harman, and by that order it was determined that the property therein mentioned should not be subject to the control of Drury J. Harman nor liable for his debts; and, furthermore, that if Mrs. Harman died without making a will or deed, then the said Drury J. Harman should be excluded from a distributive share in said property. The exception raising the fourth question is also overruled.

The exceptions of the appellant, Simeon Corley, are as follows: 1. "Because his Honor erred in permitting the plaintiff to plead the statute of limitations to the answer of the defendant at the time of the trial. 2. That he erred in holding that at the death of Charlotte Harman, in 1895, she was seized in fee of the tract of land mentioned in the complaint, and thereby holding that the trust was executed when the trustee paid John H. Meetze for the tract of land and put the *cestui que trust* in possession. 3. Because his Honor should have held that the fee in the land was in the trustee until the death of Mrs. Charlotte Harman. 4. Because his Honor should have held that the fee in the land, being in the defendant trustee until the death of Mrs. Charlotte Harman, as is alleged in the complaint, that the statute of limitations did not commence to run against the trustee until the happening of the event. 5. That his Honor should have held that the land under the trust descended to the remaindermen charged with this debt due to the defendant trustee. 6. The plaintiffs having alleged

in their complaint that the fee in the land was in the trustee at the time of the death of Mrs. Charlotte Harman, they are now estopped from claiming otherwise."

The view which the Court takes of the questions raised by these exceptions renders several of them immaterial, and the questions raised by them only speculative. The complaint alleges, and the answer of Simeon Corley does not deny, that the trust terminated at the death of Mrs. Charlotte Harman in 1895. Such being the case, and the claim for commissions being a lawful charge against the estate, it was not barred by the statute of limitations, and should be paid out of the trust property, but without interest, which is not insisted upon.

It is the judgment of this Court, that the judgment of the Circuit Court be modified as herein stated, and in all other respects affirmed.