14615

*EX PARTE* HART *ET AL.*
*IN RE.* BOWEN *ET AL.*

(195 S. E., 253)

 June, 1937. 

*Messrs. Nichols & Russell, Barron, Barron & Walker* and *C. S. Bowen,* for petitioners, 

*Messrs. Wilton H. Earle,* for intervener, Greenville County, *E. M. Blythe, J. L. Love* and *Benjamin A. Bolt,* as

Committee for Greenville Bar Association, and for J. Ed. Hart,

February 7, 1938.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

On June 2, 1937, the appellants, W. E. Bowen and Dakyns B. Stover, County Attorneys for the County of Greenville, which is embraced within the Thirteenth Judicial Circuit, made an *ex parte* application to his Honor, T. S. Sease, resident Circuit Judge of the adjoining Seventh Circuit, at his chambers in Spartanburg, for an order authorizing the payment of extra compensation to them as such attorneys, under Section 33 of the Greenville County Supply Act (Acts 1937, page 1071). The petition presented to Judge Sease was accompanied by an affidavit of Mr. Bowen, setting forth that Hon. G. Dewey Oxner, the resident Circuit Judge of the Thirteenth Judicial Circuit, was then absent from his Circuit.

Upon this *ex parte* petition of the appellants, Judge Sease, after taking testimony offered in support of the allegations of the petition, and also upon the question of the reasonableness of the fee prayed for, passed an order authorizing the payment of $3,000.00 to each of the said petitioners. The order further provided "that said sum be forthwith paid to each of the petitioners by the Greenville County Supervisor, Board of County Commissioners and County Treasurer out of the contingent fund as provided in said Supply Act, in the same manner as salaries are paid to the public officials of the County upon the petitioners presenting their vouchers for same with a certified copy of this order attached." Later in the day of June 2d, the petitioners, upon their return to Greenville from Spartanburg, learned that Judge Oxner was actually in his Circuit on that day. It ap-

pears that Judge Oxner, in accordance with plans previously made by him, had intended to be away from his Circuit on June 2d; and upon inquiry, he had so advised the petitioners, but due to an unexpected change in his plans he did not leave the Thirteenth Circuit until early in the morning of June 3d. The petitioners, therefore, appeared before Judge Sease at his chambers at Spartanburg again on the following day (June 3d), and presented an affidavit reciting the above facts, and the further fact that Judge Oxner was absent that day from the Thirteenth Circuit, and that there was no other Circuit Judge presiding therein. Upon consideration of these facts, and without taking further testimony, his Honor, Judge Sease, then passed another order, bearing date June 3d, in which he specifically adopted and confirmed his order of June 2d, and declared it valid and of full force and effect. Both orders were duly filed in the County of Greenville, and thereafter the county paid the petitioners the fees therein provided for.

As stated, the petition presented to Judge Sease was *ex parte*. Neither the County of Greenville nor any person or board representing the county was made a party thereto.

On June 11, 1937, J. Ed. Hart, a citizen and taxpayer of Greenville County, on behalf of himself and all others similarly situated, and the Greenville County Bar Association, co-petitioners (which association joined in the petition in accordance with a resolution passed by it, whose members, as shown by the petition, are likewise taxpayers of Greenville County), presented their verified petition to his Honor, Judge Sease, at his chambers in Spartanburg, praying that a rule be issued by him requiring W. E. Bowen and Dakyns B. Stover, County Attorneys for Greenville County, to show cause why the orders dated June 2, 1937, and June 3, 1937, should not be declared void, vacated, and set aside, and for such other and further relief as may be proper in the premises. This petition denied the jurisdiction of the Court, upon the facts stated, to issue the aforesaid orders, and further challenged the validity of the orders upon the

ground that they were granted in proceedings wholly *ex parte,* without notice to Greenville County. The reasonableness of the fees allowed was also questioned. Upon consideration of this petition a rule was issued by Judge Sease, returnable before him on June 17, 1937, at his chambers at Spartanburg, requiring and directing Messrs. Bowen and Stover to show cause why the said orders should not be vacated, and adjudged null and void, and why the petitioners should not be granted the relief prayed for in their petition. In accordance with the order, a copy of the rule and petition, with accompanying affidavits, were duly served upon these attorneys, and also upon the secretary of the Greenville County Delegation, the chairman of the Board of County Commissioners of Greenville County, and on the Treasurer of Greenville County, each of whom was given leave to file a return to the petition. No returns, however, were filed by any of these county officials, except a formal return by the Treasurer, which merely stated that he had paid out the money pursuant to the orders referred to.

Messrs. Bowen and Stover, appellants here, filed their return, setting up several defenses.

At the hearing before Judge Sease on June 17th, counsel for the appellants objected to the jurisdiction of the Court, on the ground that it did not appear by affidavit, either at the time of the issuing of the rule, on June 11, 1937, or at the date of the hearing, on June 17, 1937, that the resident Judge of the Thirteenth Judicial Circuit (embracing Greenville County) was out of the Circuit, and that there was no special or regular Judge presiding therein.

The record on appeal shows that "no affidavit was presented or filed by petitioners on June 11, 1937, when the rule to show cause was issued, or on June 17, 1937, when the hearing on the Rule to show cause and Petition was had, or at any other time, showing that the resident Judge of the thirteenth circuit was out of the circuit at either of said times, or that there was no other presiding circuit Judge therein, and no effort was made by petitioners to comply

with the statutory provision so as to give Judge Sease jurisdiction."

The record likewise discloses that separate actions were commenced on July 9, 1937, by Greenville County against the appellants in the Court of Common Pleas for Greenville County, alleging fraud and deceit in obtaining payment of the aforementioned fees, and demanding judgment thereabout. These actions are now pending.

The objection raised by the appellants to the jurisdiction of the Court was overruled. Judge Sease assumed jurisdiction, and, after hearing the matter, issued his order, reciting that he did not deem it necessary to consider the several defenses set up by the appellants; that the sole material question before him was whether the orders signed by him on June 2d and June 3d were valid. He held that they were not valid, and ordered that they be vacated and set aside. The order of the Circuit Judge was predicated upon the premise that as Judge Oxner was in the Thirteenth Circuit on June 2d, the order of that date was void for want of jurisdiction; and that the order of June 3d was invalid because it attempted to ratify, confirm, and make valid that which was void. In this order of June 17th, Judge Sease made it clear that he had not been misled by the appellants as to any facts connected with the proceedings which constituted the basis for the issuance of the orders of June 2d and June 3d.

The appellants challenge the validity of this order upon numerous exceptions, which present many interesting questions of law, but in our view of the case, we need only to consider the issue made as to whether or not his Honor, Judge Sease, had jurisdiction to entertain and hear the petition presented by J. Ed. Hart and the Greenville Bar Association, which was presented to him on June 11th, and upon which he issued his rule to show cause returnable on June 17th.

We should say in passing that on the return day, upon due notice having been given, his Honor struck from the

petition the name of Greenville Bar Association, upon the ground that the association was not a proper party to the proceeding. From this order, the respondents appeal.

Section 25 of Article 5 of our State Constitution provides in part as follows: "The Judges of the Circuit Courts shall have such powers at chambers as the General Assembly may provide."

Section 37 of the 1932 Code defines the powers of Circuit Judges at chambers, and provides when and under what circumstances jurisdiction is conferred upon a Judge of an adjoining Circuit, in these words: "In case any Judicial Circuit is without a resident Judge, by reason of death, absence, disqualification or otherwise and no other Judge, special or regular, is presiding therein, then jurisdiction in all matters arising in such circuit is conferred upon and shall be exercised by the resident Judge of the adjoining circuit or by any Judge presiding therein; and any Judge exercising such jurisdiction shall first satisfy himself of the necessity of same by affidavit of the moving party."

It will be observed from the foregoing section that before any resident Judge of an adjoining Circuit or any Judge presiding therein shall exercise jurisdiction in such case he "shall first satisfy himself of the necessity of same by affidavit of the moving party."

It is conceded here that no affidavit was presented to Judge Sease by the petitioners in the case at bar showing that Judge Oxner was absent from the Thirteenth Judicial Circuit, or that no other Judge, special or regular, was presiding in that Circuit.

It is well established as a general rule that, where a Court of general jurisdiction has exercised its power, it will be presumed, unless the contrary appears of record, that it had jurisdiction, both of the subject-matter of the action and of the parties. *Reese v. Meetze,* 51 S. C., 333, 29 S. E., 73; for, as the first duty of all Courts is to keep strictly within the limits of their jurisdiction, any affirmative act on the part of a Court implies that it has juris-

diction, before rendering the particular judgment. *Kaylor v. Hiller,* 77 S. C., 393, 58 S. E., 2.

■ While it is not necessary that the record of the proceedings of such Court should affirmatively show the existence of jurisdiction, *Ex Parte Pearson,* 79 S. C., 302, 60 S. E., 706, there are exceptions to the rule, 15 C. J., Courts, § 159. Thus where the general powers of the Court are exercised over a class of subjects not within its ordinary jurisdiction, upon the performance of prescribed statutory conditions, no such presumption of jurisdiction will attend the judgment of the Court. *Watts v. Dull,* 184 Ill., 86, 56 N. E., 303, 75 Am. St. Rep., 141; *Furgeson v. Jones,* 17 Or., 204, 20 P., 842, 3 L. R. A., 620, 11 Am. St. Rep., 808, 7 R. C. L., Courts, § 61, 15 C. J., Courts, § 148.

In accordance with this rule it was held in a *Georgia case* (*Sharman v. Thomaston,* 67 Ga., 246) that where the chancellor of a Circuit other than that in which the bill is brought presides on the hearing of an application for an injunction at chambers, the ground for the exercise of such authority should appear by the record.

■■ In this case there is no room for the application of the rule with reference to jurisdictional presumptions for or against the validity of the judgment. In this case we are dealing with a direct attack upon the jurisdiction of the Court, and the record itself affirmatively shows an entire absence of proof of those facts upon the existence of which the jurisdiction of the Court is made to depend. The statute provides that before a resident or presiding Circuit Judge may exercise jurisdiction in matters arising in an adjoining Circuit, the necessity for assuming such jurisdiction must be shown by affidavit of the moving party. The statute expressly prescribes the conditions upon which the Court may act, and unless the conditions are complied with, and such compliance is shown by the record, then no jurisdiction is conferred. The absence of the resident Circuit Judge of such adjoining Circuit, and the further

fact that no other Judge, special or regular, is presiding therein, are necessary jurisdictional facts which must be shown and which cannot be dispensed with. See generally *Truesdell v. Johnson,* 144 S. C., 188, 142 S. E., 343.

It follows that his Honor, Judge Sease, was without jurisdiction, in the absence of this proof, to issue his order of June 17, 1937, and such order is void.

> It is a universal principle as old as the law, that the proceedings of a Court without jurisdiction are a nullity, and its judgment without effect, either on the person or property.

> However, in no event would Judge Sease have had jurisdiction. These orders had been filed in the County of Greenville, and had passed beyond his control.

As was pointed out in *Middleton v. Denmark Ice & Fuel Co.,* 97 S. C., 457, 81 S. E., 157, and the numerous cases cited therein, there is under the Constitution and laws of the State an appellate tribunal for the correction of error, if error exists.

It appears that on July 19, 1937, Hon. Wilton H. Earle, then County Attorney for Greenville County, upon notice to the appellants, moved before Judge Sease, at his chambers in Spartanburg, for an order permitting Greenville County to intervene as a party defendant in the vacation proceedings previously instituted by J. Ed. Hart, for the purposes set forth in the notice. At the hearing, the appellants opposed the motion upon various grounds, which were overruled; whereupon Judge Sease passed an order permitting the intervention. From this order, the appellants also appeal.

We need consider and pass upon only the objection to the jurisdiction of the Court. As was the case in the vacation proceedings instituted by the petitioner, J. Ed. Hart, there was an entire absence of any showing or proof before Judge Sease that the resident Judge of the Thirteenth Circuit was absent from his Circuit and that there was not a special or regular Judge presiding therein.

The same principle of the law already declared applies here. For the reasons heretofore assigned, we must hold that his Honor, Judge Sease, was without jurisdiction to hear the motion, and his order is void.

The decision and disposition of these issues make it wholly unnecessary to pass upon other questions presented by the exceptions; they become academic.

For the reasons given, the judgment is reversed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.