18235

Frank G. TOOMER, Respondent, v. S. V. TOOMER, Jr., W. S. Toomer and Annie L. Toomer, Appellants

(137 S. E. (2d) 406)

400

*Messrs. Harvey & Harvey,* of Beaufort, *for Appellants,*

*Henry T. Gaud,* Esq., of Charleston, *for Respondent,*

July 1, 1964.

Moss, Justice.

The South Carolina Wildlife Resources Commission, through the Division of Commercial Fisheries, did on September 28, 1960, lease to S. V. Toomer, Jr., W. S. Toomer and Annie L. Toomer, the appellants herein, for a term of four years and one hundred and seventeen days an area of oyster bottoms in Beaufort County, containing 25.9 acres, suitable for oyster culture. This lease, No. 32, was made pursuant to the authority contained in Section 28-811 of the Code. Under this lease the appellants gathered oysters from the area and replanted shell thereon as required by law.

Frank G. Toomer, the respondent herein, on April 26, 1962, applied to the Division of Commercial Fisheries for a lease of oyster bottoms lying within the natural boundary limits of the lease granted to the appellants. In due time, the appellants protested the granting of the application to the respondent on two grounds: (1) that the oyster bottoms applied for were already under lease to the appellants by Lease No. 32; and (2) that if the oyster bottoms applied for were not under Lease No. 32, the appellants would have first priority since they claim to have been planting shell and harvesting from such area for a number of years. The appellants on May 22, 1962, filed an application to expand the acreage of Lease No. 32 in accordance with their position that they should have first priority since they had been planting shell and harvesting from such area for a number of years.

Pursuant to Section 28-815 of the Code, the Commission set the aforesaid matter for a hearing before J. W. Cox, as the Hearing Commissioner. The matter was heard by the Commissioner in Charleston, South Carolina, on August 16, 1962, at which the oral testimony was taken and various exhibits were offered in evidence. This Commissioner, on March 28, 1963, made his report to E. W. Johnson, chairman of the Commission, at Spartanburg, South Carolina, in which he recommended that all those bottoms suitable for oyster culture, lying on the north side of Jarvis Creek, between such creek and Jenkins Island, not including the 25.9 acres under lease to the appellants, be leased to said appellants, which area embraces 130 acres, of which 50% is capable of producing oysters, making 65 acres on which the annual rental provided in Section 28-817 of the Code should be paid, the lease for the additional 65 acres to run until the expiration of Lease No. 32, heretofore referred to.

The South Carolina Wildlife Resources Commission met in Columbia on April 3, 1963, and considered the report and recommendations of J. W. Cox, the Hearing Commissioner

in this matter. At said meeting the South Carolina Wildlife Resources Commission approved and affirmed the findings and recommendations of the Hearing Commissioner and ordered the oyster bottoms land in question leased to the appellants herein. Frank G. Toomer, now the respondent herein, appealed from the ruling and order of the South Carolina Wildlife Resources Commission to the County Court of Charleston County.

The appellants here made a special appearance in the Charleston County Court and objected to the jurisdiction of said Court to entertain, hear and determine the issues raised by the appeal of Frank G. Toomer from the order of the Commission rendered in Columbia, South Carolina, on April 3, 1963, approving and affirming the findings and recommendations of the Hearing Commissioner. The objection to the jurisdiction of the County Court of Charleston to hear this appeal was based upon the fact that the proceedings originated in Beaufort County and had to do with an application for lease of oyster bottoms located exclusively in said County, and the contest as to whom the lease, if any should be granted, was solely between residents of said County. A further objection to the jurisdiction of the said Court was on the ground that the appeal was taken from a decision of the Commission rendered by it in the City of Columbia, South Carolina, on April 3, 1963. The appellants further contended that the proper jurisdiction for the hearing and determination of this appeal was in the Courts of either Beaufort or Richland Counties and that the Charleston County Court had absolutely no jurisdiction to hear such appeal.

The objections to the jurisdiction of the Charleston County Court to entertain, hear and determine this appeal were heard by the Honorable Theodore D. Stoney, Judge of said Court, on May 14, 1963. By order, dated October 1, 1963, he overruled the objections to the jurisdiction of the Charleston County Court. Thereafter, the appeal of Frank G. Toomer from the order of the Commission came on to

be heard before Judge Stoney on October 29, 1963. By order, dated January 15, 1964, he modified and reversed the order of the Commission and directed that the Commission, through the Division of Commercial Fisheries, do forthwith issue a lease to Frank G. Toomer for the area of oyster bottoms applied for by him and further ordered that any lease that has been issued subsequent to April 3, 1963, for said area, be declared null and void and forthwith cancelled of record. The appellants herein gave timely notice of intention to appeal to this Court from the two aforesaid orders of the lower court.

The first exception of the appellants raises the question as to whether the Charleston County Court had jurisdiction to hear the appeal of the respondent from the decision of the South Carolina Wildlife Resources Commission rendered in Columbia, South Carolina, on April 3, 1963.

The right of appeal is a matter of grace and is not an inherent or vested right, and the rules of court and statutes must be followed in perfecting an appeal. *McCullough v. McCullough,* 242 S. C. 108, 130 S. E. (2d) 77. The only provision for an appeal from the decision of the South Carolina Wildlife Resources Commission is that contained in Section 28-815 of the Code, wherein it is provided "The decision of the Commission shall be subject to appeal as from a magistrate's court."

Section 7-301 of the Code does not confer the right of appeal in any case but does provide to what court an appeal should be made. This statute sets forth, "When a judgment is rendered by a magistrate's court, by the governing body of a county or by any other inferior court or jurisdiction, * * * the appeal shall be to the circuit court of the county wherein the judgment was rendered * * *." This section then provides that in any county in which a county court exists, appeals in such cases shall be to the county court of the county.

Section 15-629.15, as is contained in the 1963 supplement to the 1962 Code of Laws, provides that the County Court

of Charleston shall have concurrent jurisdiction with the Circuit Court to hear and determine all appeals in civil cases from judgments rendered by magistrate's courts and the proceedings on such appeal shall be the same as are provided for appeal from the last named courts to the Courts of Common Pleas.

There is no doubt that Section 28-815 of the Code ██ provides for the right of appeal from the decision of the South Carolina Wildlife Resources Commission "as from a magistrate's court." We must, therefore, for the purposes of appeal, consider the decision of the Commission as being comparable to a judgment rendered by a magistrate's court. The right of appeal from a judgment of a magistrate's court is "to the Circuit Court of the county wherein the judgment was rendered". The word "wherein" is defined by Webster's New International Dictionary as meaning "in which" or "where". Interpolating this definition into the wording of the statute, the appeal from a judgment rendered in a magistrate's court shall be to the Circuit Court of the county in which or where the judgment was rendered. It is undisputed that the City of Columbia, in Richland County, is the place in which and where the decision of the Commission was rendered. It follows that since the decision of the Commission was rendered in Columbia, that the appeal of Frank G. Toomer therefrom should have been to the County Court of Richland County. We should point out that there was no decision rendered by the Commission in Charleston County that would give to the respondent a right of apppeal to the Charleston County Court.

The case of *Whipper v. Talbird,* 32 S. C. 1, 10 S. E. 578, was a contest between candidates for the office of Probate Judge in Beaufort County. Following the election and a canvass of the votes and returns, the County Board of Canvassers of Beaufort County reported that Talbird was elected. Whipper contested this report before the State Board of Canvassers, who, after a hearing, also declared that Talbird was elected. Whipper appealed to the Circuit Court of Beaufort

County from this determination and, from an order of that court dismissing his appeal, he prosecuted an appeal to this Court. This Court held that no appeal lies from the decision of the State Board of Canvassers, it not being an inferior Court. However, the appellant contended that the right of appeal was secured to him by the provisions of Section 358 of the 1902 Code of Procedure, which is now Section 7-301 of the 1962 Code. In disposing of this contention, this Court held that an appeal governed by the provisions of Section 358 of the Code must be taken to the Circuit Court of the county wherein the judgment was rendered, and all other Circuit Courts are without jurisdiction. It was further held that since the determination by the Board of State Canvassers of the result of an election was rendered in Columbia, South Carolina, that the Circuit Court for Beaufort County had no jurisdiction of an appeal therefrom. We quote the following from the cited case:

"We may say, however, that even if section 358 of the Code could be construed as conferring the right of appeal in this case, yet, as that section expressly declares that 'the appeal shall be to the circuit court of the county wherein the judgment was rendered,' it is quite clear that the circuit court for Beaufort county had no jurisdiction of an appeal from a judgment rendered in Richland county, and therefore could not have granted any valid order of any kind in the case."

We conclude that the Charleston County Court was without jurisdiction to hear the appeal in this case and the proceedings in that court are a nullity and its judgment without effect either on the parties to the action or the property involved. *Ex parte Hart,* 186 S. C. 125, 195 S. E. 253.

It appears that Section 28-815 of the 1962 Code was amended by an Act of the General Assembly, approved June 14, 1963, so as to provide that the decision of the Commission shall be subject to appeal as from a

magistrate's court "in the county wherein the bottoms are situate." 53 Stats. 580. Had the aforesaid amendment been in effect on April 8, 1963, when Frank G. Toomer appealed from the decision of the Commission, the Circuit Court in Beaufort County would have had jurisdiction to hear such.

In view of the foregoing conclusion, it becomes unnecessary for us to pass upon the other questions raised by the exceptions of the appellants.

The judgment of the lower Court is reversed and this case remanded thereto for the entry of an order holding that the Charleston County Court did not have jurisdiction to hear the appeal of the respondent from the decision of the Commission.

Reversed and remanded.

TAYLOR, C. J., and LEWIS, BUSSEY, and BRAILSFORD, JJ., concur.