20581

Brown C. ROSS, Jr., Respondent, v. RICHLAND COUNTY and South Carolina Department of Highways and Public Transportation, Defendants, of whom South Carolina Department of Highways and Public Transportation is, Appellant.

(240 S. E. (2d) 649)

*Daniel R. McLeod, Atty. Gen., Marvin C. Jones, A. Camden Lewis,* and *F. Kimball Joyner, Jr., Asst. Attys. Gen.,* of Columbia, *for Appellant,* 

*Thomas H. Pope, III,* of Newberry, *for Respondent,* 

January 16, 1978.

NESS, Justice:

May a county court judge, after determining his court lacks jurisdiction, transfer the case to the court of common pleas? We conclude a court without jurisdiction only has authority to dismiss the action.

Respondent brought suit against Richland County and the South Carolina Department of Highways and Transportation, alleging property damage caused by an alleged

defect in the road. At the trial in Richland County Court, the Highway Department moved to dismiss the suit on the ground the county court did not have jurisdiction over the Department as a state agency. Relying upon *Martin v. Ellisor,* 264 S. C. 202, 213 S. E. (2d) 732 (1975) and *Harden v. S. C. State Highway Department,* 266 S. C. 119, 221 S. E. (2d) 851 (1976), the county court judge decided his court was without jurisdiction and ordered the matter transferred to the court of common pleas.

We need not determine the soundness of the trial judge's decision regarding jurisdiction since neither party contests it. The sole issue on appeal is whether the trial judge properly transferred the case.

We agree with appellant's assertion that the trial judge had no authority to transfer the action. As stated in 21 C. J. S. Courts § 505, p. 774:

"Where an action is brought in a court which has no jurisdiction thereof, such court has no power to transfer the action to another court having jurisdiction to entertain it, but should dismiss it, unless provision is made by statute for the transfer of cases under such circumstances . . ."

We were unable to discover and were not cited to any statutory provision authorizing the instant transfer. Section 14-21-130 of the Code of Laws of South Carolina (1976) vests a county court with power to transfer certain actions to the family court, but there is no provision authorizing the county court, upon finding it lacks jurisdiction of a matter, to transfer it to another court.

The law is well settled that when a court has no authority to act, its acts are void. *Russell v. Bea Staple Mfg. Co.,* 266 N. C. 531, 146 S. E. (2d) 459 (1966); *Davis v. Page,* 125 S. E. (2d) 60 (Ga. 1962); *Cruikshank v. Duffield,* 138 W. Va. 726, 77 S. E. (2d) 600 (1953).

An analogous case is *Fox v. Board of Regents of University of Michigan,* 375 Mich. 238, 134 N. W. (2d) 146

(1965), in which the plaintiff filed suit in the circuit court when his action should have been brought in the court of claims. Upon finding the court of claims to have exclusive jurisdiction over such suits, the circuit court ordered the case transferred. The Michigan Supreme Court ruled the transfer of the case to be a nullity and stated:

"[W]hen a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void." 134 N. W. (2d) at 148.

Similarly, in *Caudell v. Leventis,* 43 So. (2d) 853 (Fla. 1950), the plaintiff filed suit in the circuit court but failed to allege sufficient damages to meet the court's jurisdictional requirement. The Florida Supreme Court, in holding the circuit court's transfer of the case to the proper court to be void, stated, "in the absence of some such authority the only lawful order which could have been entered by the trial judge was an order of dismissal." 43 So. (2d) at 855.

This Court has consistently adhered to the rule that the acts of a court without jurisdiction are without effect. *Toomer v. Toomer,* 244 S. C. 399, 137 S. E. (2d) 406 (1964); *State v. Funderburk,* 259 S. C. 256, 191 S. E. (2d) 520 (1972. We stated in *Ex parte Hart,* 186 S. C. 125, 133, 195 S. E. 253, 256 (1938):

"It is a universal principle as old as the law, that the proceedings of a Court without jurisdiction are a nullity, and its judgment without effect, either on the person or property."

The lower court, upon finding it lacked jurisdiction, was therefore without power to order the case transferred. We reverse that portion of the order purporting to transfer the case to the Court of Common Pleas and dismiss the action.

Dismissed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.