## 21526

Paul Max McDONALD, Appellant, v. Carolyn Sayers McDONALD, Respondent.

(281 S. E. (2d) 109)

*George M. Lee, Jr.,* Columbia, *for appellant.*

*Gloria E. Day* of Day & Millender, Columbia, *for respondent.*

July 27, 1981.

NESS, Justice:

Appellant Paul Max McDonald appeals from an order dismissing his complaint for lack of subject matter jurisdiction. We affirm.

Respondent Carolyn Sayers McDonald petitioned the family court for separate maintenance and support. She alleged ownership of the marital residence and asked the court to order appellant to vacate the premises. Appellant answered claiming an equitable interest in the residence. Respondent replied denying appellant had any such interest. The family court, after a pendente lite hearing, ordered appellant to vacate the house pending a final determination on the merits.

Appellant was permitted to amend his answer and he withdrew his claim for an equitable interest in the house. However, the family court stated in its order allowing the amendment that its ruling would not divest the court of jurisdiction over the property involved in the marital litigation.

Appellant subsequently instituted an action in the circuit court seeking an equitable lien for $16,000 against the marital residence. Respondent moved to dismiss the complaint for lack of subject matter jurisdiction because the same issue was being litigated in the family court. The trial court dismissed appellant's complaint holding the family court had subject matter jurisdiction based upon the pleadings in the family court, S. C. Code § 14-21-1020 and because the litigation in the family court involved peripheral issues pertaining to appellant's claim for an equitable lien.

Appellant asserts the trial court erred in dismissing his complaint for lack of subject matter jurisdiction. We disagree.

Here, actions involving the same parties, substantially the same issue (the parties' respective interests in the marital residence), were pending in the family court and circuit court, courts of concurrent jurisdiction. The family court acquired jurisdiction first, therefore, it acquired *exclusive* jurisdiction to hear all further proceedings in the case. See: *Tucker v. Tucker,* 264 S. C. 172, 177, 213 S. E. (2d) 588 (1975).

Our disposition of the jurisdictional question renders moot appellant's remaining exception.

. We conclude the trial court properly dismissed the complaint of appellant Paul Max McDonald. See: *Ross v. Richland County, et al.,* 270 S. C. 100, 240 S. E. (2d) 649, 651 (1978).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.