24429

RICHARDSON, PLOWDEN, GRIER and HOWSER, Respondent
v. Larry A. PYLE, Appellant.

(472 S.E. (2d) 232)

Supreme Court

*Kermit S. King* and *B. Dean Pierce,* both of *King & Vernon,* P.A.; and *Leo A. Dryer, of Dryer Law Offices,* Columbia, *for appellant.*

*Ernest J. Nauful, Jr.,* Columbia, *for respondent.*

Heard Apr. 16, 1996.

Filed May 20, 1996; Decided June 10, 1996.

## ORDER

This Court's opinion in the above-captioned matter is withdrawn and the attached opinion substituted therefor.

/s/ <u>Ernest A. Finney, Jr.,</u> C.J.
/s/ <u>Jean H. Toal,</u> J.
/s/ <u>James E. Moore,</u> J.
/s/ <u>James H. Waller, Jr.,</u> J.
/s/ <u>E.C. Burnett, III,</u> J.

MOORE, Justice:

Respondent (Law Firm) commenced this action to recover attorney's fees and was awarded $20,428.47 plus interest and costs.[1] We affirm.

## FACTS

After this action was commenced, the parties consented to an order transferring the case to the Resolution of Fee Disputes Board (Board). Before completing the application process for resolution by the Board, however, appellant (Client) wrote to the Board advising he would *not* submit the matter for resolution after all.

---

[1] We note a scrivener's error in the trial court's reference to "defendant" when awarding prejudgment interest.

Several months later, Client filed a motion with the trial court to transfer the case to the Board and filed with the Board the appropriate application including his consent for resolution of the fee dispute. Pursuant to Client's motion, the trial court ordered the case dismissed. Law Firm subsequently notified the court it had had no notice of the request for a dismissal by Client. Accordingly, the trial court rescinded its order of dismissal and rescheduled the case for trial.

When the parties appeared as rescheduled, Client argued exclusive jurisdiction rested with the Board. The trial court ruled it had jurisdiction of the case and after a hearing awarded judgment to Law Firm.

## DISCUSSION

Client contends the circuit court lost jurisdiction of the case once he filed his application with the Board. We disagree.

Rule 416, SCACR, provides for the Board's jurisdiction over fee disputes. Rule 9 of Rule 416 provides:

> (A) Any client-applicant for the services of the Board must consent in writing to be bound by a final decision of the Board. Thereafter, the attorney is also bound.

> \*      \*      \*      \*      \*

> (D) *Upon consent of the client-applicant ... to be bound by the final decision of the Board, exclusive jurisdiction over the fee dispute vests in the Board.*

(Emphasis added.) Client relies on paragraph (D) for the proposition that *whenever* a client files an application, exclusive jurisdiction rests with the Board.

Rule 2 of Rule 416, however, states three exceptions to jurisdiction as follows:

> Under no circumstances will the Board participate in: (1) a fee dispute involving an amount in dispute of $50,000 or more, (2) the dissolution of a law partnership, law practice or any other business relationship between attorneys, or (3) *disputes over which, in the first instance, a court, commission, judge, or other tribunal has jurisdiction to fix the fee.*

(Emphasis added.) Under the plain language of subsection (3),

the Board does not acquire jurisdiction if jurisdiction of a fee dispute has already vested in the court.

Client suggests subsection (3) should be construed to mean that jurisdiction remains in the court only when the fee is ancillary relief in another action. We find such a construction is a strained reading of the rule and not supported by logic. To allow a client to unilaterally remove a fee dispute to the Board when a contract action is pending in circuit court to collect attorney's fees would be inconsistent with the well-settled rule that where there is concurrent jurisdiction, the first tribunal to acquire jurisdiction has exclusive jurisdiction. *McDonald v. McDonald*, 276 S.C. 573, 281 S.E. (2d) 109 (1981). Accordingly, we conclude Client's application to the Board for resolution did not divest the circuit court of jurisdiction over the pending action to recover attorney's fees.

Affirmed.

FINNEY, C.J., and TOAL, MOORE, WALLER and BURNETT, JJ., concur.