19630

The STATE, Appellant, v. William Floyd DICKERT, Respondent

(197 S. E. (2d) 89)

*Messrs. Daniel R. McLeod, Atty. Gen., James C. Harrison, Jr.,* and *Hulan A. Small, Asst. Attys. Gen.,* of Columbia, *for Appellant,*

*John A. Hagins, Jr., Esq.* of *Abrams, Bowen & Townes,* Greenville, *for Respondent,*

June 5, 1973.

LEWIS, Justice:

Respondent, in his absence, was convicted on October 13, 1972, in Magistrate's Court of driving a motor vehicle while under the influence of intoxicating liquor. He did not move for a new trial before the magistrate, as permitted by Section 43-142 and 43-143, 1962 Code of Laws, nor appeal to the Court of General Sessions, as permitted by Sections 7-101 and 7-102, 1962 Code of Laws, as amended; but upon his subsequent motion, noticed some forty-two days after conviction, was granted a new trial by the circuit court and the South Carolina Highway Department was restrained from suspending respondent's license to drive pending the outcome of the new trial. The State has appealed from the judgment, contending that the circuit court was without jurisdiction to grant the new trial or the restraining order. The Statement of the case, which we largely follow, correctly sets forth the pertinent facts.

Respondent was arrested by an officer of the South Carolina Highway Patrol on October 11, 1972, and was charged with driving under the influence of intoxicating liquor in violation of Section 46-343, 1962 Code of Laws. He was issued and received a copy of an official patrol Summons stating the offense and summoning him to appear before the trial officer, Magistrate J. M. Copeland, North Broad Street, Clinton, South Carolina, on October 13, 1972, at 2 o'clock p. m., to answer the charges. He was subsequently released from custody upon posting a bond in the amount of one hundred ($100.00) dollars. Respondent did not appear for

trial before the designated magistrate on October 13, 1972, as the Summons required him to do. He was thereupon tried in his absence and found guilty as charged. The sentence of the court was that the respondent pay a fine of one hundred ($100.00) dollars, which was satisfied by his forfeited bail in that amount.

Earlier in the day of October 11, 1972, and prior to the above arrest for driving under the influence, respondent had been arrested by the same officer of the South Carolina Highway Patrol and charged with reckless driving in violation of Section 46-342, 1962 Code of Laws. He was released without being taken into custody. This citation for reckless driving directed the respondent to appear before the trial officer, J. R. Brazwell, City Hall, Clinton, South Carolina, on October 18, 1972, at 9 o'clock p. m. The respondent did not desire to contest this charge and did not appear.

Respondent thereafter, through his attorneys, served upon the magistrate a notice dated November 24, 1972 that he would move before the circuit court for an order setting aside "the forfeiture of the bond in the above captioned matter for driving under the influence and grant him a new trial." The motion was based upon respondent's affidavit, to the effect that, since he was issued a summons in two different cases on the same day, the first requiring him to appear for trial on October 18th and the second on October 13th, he assumed "when he looked at the first ticket (summons)" that "both cases would be tried at the same time," that is, on October 18th. He did not allege that the wording of either summons was confusing or misleading; nor does he explain his apparent failure to look at the second summons, which would have apprised him of the date of the trial of the charge from which he now seeks relief.

Upon the foregoing showing, the circuit judge concluded that the fact of the issuance of two summons to respondent on the same day for separate offenses to appear before different courts "was greatly confusing" to respondent and constituted

sufficient basis for a new trial, which was ordered along with a stay of the suspension of respondent's license to drive a motor vehicle.

We agree with appellant that the lower court was without jurisdiction to grant a new trial in this case. Respondent did not move for a new trial before the magistrate, nor did he appeal to the circuit court. Instead, he moved, in the first instance, before the circuit court for a new trial, in effect, upon the ground that the judgment of conviction in the magistrate's court was entered against him because of his excusable neglect. The circuit court had no jurisdiction to entertain the motion. The jurisdiction of the circuit court over the judgment of the magistrate's court is appellate in nature and, admittedly, there has been no appeal from any judgment or ruling of the magistrate. See: Section 7-101 *et seq.* and 7-14, 1962 Code of Laws.

Under the present facts, since there was a valid conviction for driving under the influence of intoxicants, the circuit judge was also without authority to stay the suspension of respondent's license to drive. *Parker v. State Highway Department*, 224 S. C. 263, 78 S. E. (2d) 382.

The order under appeal is accordingly reversed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, J.J., concur.