21120

James DeWITT, Respondent, v. SOUTH CAROLINA DEPART-
MENT OF HIGHWAYS AND PUBLIC TRANSPORTATION,
Appellant.

(262 S. E. (2d) 28)

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Richard D. Bybee* and *Staff Atty. William L. Todd,* Columbia, *for appellant.*

*Furman & Speedy,* Camden, *for respondent.*

January 15, 1980.

*Per Curiam:*

This appeal is from an order enjoining appellant South Carolina Department of Highways and Public Transportation from imposing against respondent James DeWitt the civil sanctions for driving under the influence of alcohol, second offense. We reverse.

Respondent was convicted on June 8, 1970, in Magistrate's Court of driving under the influence of alcohol, first offense. He did not seek appellate review of that conviction.

On May 19, 1978, respondent was tried in Chesterfield County Court of General Sessions on a charge of driving under the influence, second offense. At this trial, the judge reviewed respondent's first conviction for driving under the influence and determined that it was invalid. Thereupon, the judge ordered the first conviction be set aside. He then permitted respondent to enter a guilty plea to driving under the influence, first offense, and ordered that this conviction be

treated by all law enforcement officers and all administrative agencies as a first offense and that any sanctions imposed be those of a first offense.

Despite such order, appellant requested respondent to forfeit his driver's license for one year, the statutorily mandated civil sanction for a conviction of driving under the influence, second offense. *See* S. C. Code of Laws, § 56-5-2990 (1976). Following appellant's request, respondent obtained an order from the Richland County Court of Common Pleas enforcing the trial judge's order and permanently enjoining appellant from imposing sanctions against respondent for driving under the influence, second offense.

Appellant now contends that the trial judge was without the authority or jurisdiction to review the legality of or set aside respondent's first conviction, and hence, the lower court was in error when it issued an injunction enforcing the trial judge's order. We agree.

A circuit court's jurisdiction over a magistrate court's judgment is appellate in nature. *State v. Dickert,* 260 S. C. 490, 197 S. E. (2d) 89 (1973); *see also:* Sections 18-3-10, *et seq.* and 18-1-150, S. C. Code of Laws (1976). Moreover, it has been the established rule that a circuit judge cannot reverse a magistrate's judgment when the appellant has failed to serve on the magistrate the proper notice and grounds of appeal wihin the prescribed time limits. *State v. Adkison,* 264 S. C. 180, 213 S. E. (2d) 591 (1975). Neither does the circuit judge have the right to extend the time within which to make an appeal or move for a new trial. *Dickert, supra.*

Respondent contends that since the trial court had jurisdiction over the second offense, it thereby acquired jurisdiction to review the first conviction on the basis that proof of the first offense is an element required to prove the second offense.

Respondent has misapprehended the State's burden of proof. When the State is prosecuting a person for an offense that carries an enhanced penalty on a conviction of a second or subsequent offense, the State is not required to prove the legality of the prior conviction, nor does it have to show the facts surrounding that conviction. It is only necessary for the State to prove that a previous conviction exists, that the conviction was for an offense which occurred prior to the commission of the offense for which the defendant is being tried, and that the defendant was the subject of that prior conviction. 24B C. J. S. Criminal Law § 1965.

The fact that proof of a first conviction was an element required to be shown by the State did not grant the circuit court jurisdiction or authority to review the legality of that conviction. The circuit court could only acquire such jurisdiction through a timely appeal, *Dickert, supra; Adkison, supra.* Absent such appeal, any action with respect to the legality of the first conviction was a nullity. *State v. Funderburk,* 259 S. C. 256, 191 S. E. (2d) 520 (1972) ; *Ross v. Richland County,* 270 S. C. 100, 240 S. E. (2d) 649 (1978). The acts of a court without jurisdiction are without effect. *Ex parte Harte,* 186 S. C. 125, 195 S. E. 253 (1938). *Ross, supra; Funderburk, supra.* By issuing an injunction which, in effect, enforced a null order the lower court erred and is accordingly reversed.