496 S.E.2d 415

**Gary MOOREHEAD, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 24742.**

Supreme Court of South Carolina.

Submitted Nov. 19, 1997.

Decided Jan. 12, 1998.

---

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Teresa A. Knox, Columbia, for petitioner.

Assistant Appellate Defender Lisa T. Gregory, of S.C. Office of Appellate Defense, Columbia, for respondent.

MOORE, Justice:

On advice of counsel, respondent pled guilty to two separate charges arising from different facts: criminal sexual conduct (CSC) third degree and unlawful use of telephone. No direct appeal was taken. We granted the State's petition for a writ of certiorari to review the grant of post-conviction relief (PCR) and now reverse.

## FACTS

The following facts were presented at the plea hearing by the assistant solicitor:

Your Honor, as to the unlawful use of telephone, [respondent] called the victim, who is his ex, who is his ex-girlfriend, and harassed and threatened her. One call was overheard by a Lex Morgan, a police officer, who told [respondent] not to call anymore, but he continued to call her. . . .

As to the criminal sexual conduct, the victim is T.G., twelve years old. She was riding around with some friends very late at night on March 4th and went to the home of Mr. Moorehead's brother, [Terry] Moorehead, to ask if she could spend the night because she was in trouble with her mother. She knew Mr. Moorehead's brother, who is deaf. She had told, at the time when she met Mr. Moorehead, she told him she was fifteen. He told her she could sleep in his room, so she went into his room. She fell asleep. When she woke up, he was also awake. They began kissing, and he took off her clothes and had sex with her. She was menstruating at the time. She tells me that it's her understanding that he did use a condom. Your Honor, she said there was no consent. Afterwards, she got on the floor, went to sleep, and Mr. Moorehead slept in the bed. She woke up at seven a.m. and went home. She told her mother three days later. Mr. Moorehead, when questioned by the police, said she had never been in his house; however, she could describe the bedroom. They did find what appeared to be blood stains on the mattress and took them to SLED.

## DISCUSSION

### 1) Sentencing advice on CSC charge

Respondent's sentence on the CSC charge was ten years, suspended after seven, and five years probation. At the PCR hearing, respondent testified he pled guilty to the CSC charge on counsel's advice that he would receive only probation. He claimed he answered the trial judge's questions regarding the plea affirmatively because

I done what [counsel] told me to do.... He said the judge knew about all of this and that's how things was done around here. That's why I told the judge that, hoping that—well, knowing that I was going to get probation, I thought, instead of being sent to the Department of Corrections.

Counsel, on the other hand, testified he never promised respondent a straight probationary sentence although they did discuss probation to follow his active jail time as part of the plea negotiations.

■ The PCR judge found counsel was ineffective for advising respondent he would receive only probation and that respondent would not have pled guilty but for this erroneous advice. This was error.

■ When considering an allegation on PCR that a guilty plea was based on inaccurate advice of counsel, the transcript of the guilty plea hearing will be considered to determine whether any possible error by counsel was cured by the information conveyed at the plea hearing. *Wolfe v. State*, 326 S.C. 158, 485 S.E.2d 367 (1997). At the plea hearing, the trial judge asked respondent if he understood that the possible sentence for the CSC charge was ten years and respondent answered that he did. The trial judge also summarized the plea agreement on the record before accepting respondent's plea and respondent answered that he understood it. Even if trial counsel erroneously informed respondent that his sentence would be probationary, any misconception was cured at the plea hearing.

■ Further, respondent's explanation that he answered the trial judge affirmatively on counsel's alleged advice that the questions were meaningless does not support the grant of PCR. *Id.* (defendant's claim he understood from counsel that the trial judge's questions at the guilty plea were only a "polite fiction" held not an invitation to answer untruthfully).

We conclude there is no evidence to support the PCR judge's finding that respondent received ineffective assistance of counsel on this ground.

### 2) Failure to investigate

Respondent claimed counsel was ineffective for failing to independently investigate. He claimed counsel failed to interview exculpatory witnesses or the two victims and did not await the results of SLED DNA testing on the blood from the mattress. The PCR judge found counsel was ineffective on this ground. This was error.

Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result. *Kibler v. State,* 267 S.C. 250, 227 S.E.2d 199 (1976). There is nothing in the record to indicate that interviewing the victims would have led to any different result. Respondent admitted the victim of the telephone charge would have reiterated the same accusation and there is nothing to indicate the CSC victim would have retracted her version of the facts. Further, there is no evidence awaiting the DNA test results could have had any impact since respondent admitted the CSC victim had slept on his mattress as an explanation for the menstrual blood. Accordingly, there is no evidence to support the PCR judge's finding that counsel was ineffective for failing to investigate.

## CONCLUSION

A defendant who pleads guilty on the advice of counsel may collaterally attack the plea only by showing that (1) counsel was ineffective and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty. *Wolfe v. State,* 326 S.C. 158, 485 S.E.2d 367 (1997); *Satterwhite v. State,* 325 S.C. 254, 481 S.E.2d 709 (1997). Since there is no evidence to support the finding counsel was ineffective, the PCR judge erred in vacating respondent's plea.

REVERSED.

FINNEY, C.J., TOAL, WALLER and BURNETT, JJ., concur.