552 S.E.2d 290

David ROLLISON, Respondent,

v.

STATE of South Carolina, Petitioner.

No. 25343.

Supreme Court of South Carolina.

Submitted April 24, 2001.

Decided Aug. 20, 2001.

508

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General G. Robert DeLoach, III, all of Columbia; and Assistant Attorney General Kathleen J. Hodges, of Greenville, for petitioner.

Assistant Appellate Defender Eleanor Duffy Cleary, of the Office of Appellate Defense, of Columbia, for respondent.

PLEICONES, Justice:

We granted certiorari to review a circuit court order granting respondent post-conviction relief (PCR). The PCR judge concluded trial counsel rendered respondent ineffective assistance when she failed to challenge a search and when she allowed him to plead guilty, pursuant to a negotiated agreement, to both first and second offense drug charges in the same proceeding. We reverse.

### Facts/Procedural History

Respondent was charged with possession of crack cocaine and unlawfully carrying a pistol based on an incident in January 1995. In June 1995, he was arrested and charged with possession of crack cocaine with intent to distribute (PWID). In addition, respondent faced two drug charges from 1994 and one from 1996. Pursuant to a negotiated agreement, the State dropped the 1994 and 1996 charges, and in August 1996 respondent pleaded guilty to possession of crack cocaine, second offense PWID, and carrying a pistol. He received concurrent sentences of twenty years suspended on service of fifteen with three years' probation (PWID), five years (possession), and one year (weapons charge).

Respondent did not file a direct appeal, but did file a PCR application. Following an evidentiary hearing, he was granted a new trial on all charges. We granted the State's petition for a writ of certiorari to review this decision.

*Law/Analysis*

 · In order to obtain relief on an ineffective assistance of counsel claim, a PCR applicant must establish both that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Brown v. State*, 340 S.C. 590, 533 S.E.2d 308 (2000). Further, the PCR judge's findings should be upheld if supported by any probative evidence in the record. *E.g., Anderson v. State*, 342 S.C. 54, 535 S.E.2d 649 (2000).

## A. Search Issue

 The following can be gleaned from the record: The solicitor told the trial judge at the plea that someone called the police from a Saturn car dealership to complain that a man was selling crack at the dealership. The caller said the seller always came twice on Fridays. When the man returned a second time on that Friday, someone from the dealership again called the police, who went to the location. The solicitor stated that when the police approached respondent and began questioning him, he "resisted them." When they patted him down, they found the crack.

According to the arrest warrant affidavit, however, the officer went to the dealership and observed respondent standing beside a vehicle. Respondent and the car matched the caller's description. The officer approached respondent and began a weapons pat-down. Respondent became combative, and after using "necessary force," marijuana was found in his pocket. The search incident to the arrest revealed the crack cocaine.

A reading of the affidavit in isolation raises a question regarding the legality of the weapons frisk. *See Ybarra v. Illinois*, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979) (police must have a reasonable belief the defendant is armed and dangerous before they may conduct a weapons frisk). Respondent cannot rely upon this document alone, however, to establish his ineffective assistance claim, especially since the solicitor's rendition of facts at the plea show no constitutional error. Respondent must also show prejudice, that is, that had

his trial attorney challenged the frisk, there is a reasonable probability that she would have prevailed in a suppression hearing.

■ "Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result." *Moorehead v. State*, 329 S.C. 329, 496 S.E.2d 415 (1998). Here, we are left to speculate whether, in fact, the search was unconstitutional. The PCR judge's finding that "without further investigation by Defense Counsel it would be impossible to decide on the legality of the search" is an insufficient basis upon which to order PCR. Assuming that trial counsel's failure to investigate the circumstances surrounding the search fell below an objective standard of reasonableness, respondent did not meet his burden of showing resulting prejudice. We therefore reverse the grant of PCR on this ground. *Jackson v. State*, 329 S.C. 345, 495 S.E.2d 768 (1998) (grant of PCR must be reversed where no prejudice is shown).

### B. Plea

■ The PCR judge also found trial counsel ineffective in allowing respondent to plead to second offense PWID at the same time he was pleading guilty to his first drug offense. Respondent contended, and the PCR judge agreed, that respondent and the plea judge [1] were not "clearly informed" that the PWID charge was being "enhanced" to a second offense based upon the simultaneous plea to the possession charge. We find respondent knowingly, intelligently, and voluntarily agreed to plead guilty to both offenses as part of a plea bargain in which the State agreed to drop three other drug charges. We therefore reverse the grant of PCR on this ground.

■ A defendant may, as part of a plea bargain, agree to plead guilty to a crime for which he has been indicted (or to which he has waived grand jury presentment), but of which he is not guilty. In *Anderson v. State, supra,* for example, we

---

[1]. While it is unfortunate that the plea judge **may** not have understood that respondent had no previous drug convictions, this fact standing alone does not entitle respondent to relief. It is respondent's understanding, not the judge's, which is at issue here.

held that an individual could plead guilty to voluntary manslaughter under an indictment charging him with murder, even though the facts would not support such a lesser charge. *Cf. Gaines v. State*, 335 S.C. 376 n. 1, 517 S.E.2d 439 n. 1 (1999)(explaining that in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), United States Supreme Court held it was constitutional to allow accused to consent to imposition of sentence, although unwilling to admit culpability, where he intelligently concludes that a guilty plea is in his best interest and the evidence strongly supports his guilt).

While the PCR judge and respondent refer to the possession charge as "enhancing" the PWID charge to a second offense, this characterization overlooks the fact that this case involves a plea bargain. As such, the agreement is governed by contract principles,[2] and petitioner was free to negotiate this type of agreement. *See Anderson v. State, supra.*

All that is required before a plea can be accepted is that the defendant understand the nature and crucial elements of the charges, the consequences of the plea, and the constitutional rights he is waiving, and that the record reflect a factual basis for the plea. *Anderson v. State, supra.* A review of both the plea record and respondent's PCR testimony[3] indicates he was well aware that he was pleading guilty both to first offense possession and to second offense PWID, and of the potential sentences he faced as a result. Further, there was a sufficient factual basis presented for both the PWID charge and the separate possession charge in the recitation made by the solicitor at the plea. This is all that is required, and the plea was proper.[4] Respondent received the benefit of

---

2. *See State v. Thrift*, 312 S.C. 282, 440 S.E.2d 341 (1994).

3. Both records are considered on appellate review of a PCR matter. *Harres v. Leeke*, 282 S.C. 131, 318 S.E.2d 360 (1984).

4. We attach no significance to the order in which respondent pled to these offenses. As noted above, a defendant may constitutionally plead guilty to a charge he did not commit, so long as the plea is knowing, intelligent, and voluntary. In any event, respondent's second offense plea was based on his arrest in June 1995 while his plea to the first

the agreement for which he bargained and cannot now complain. *Cf. State v. Thrift, supra* ("Whether a plea agreement is wise, or even in the best interests of the [party], is not the question before us").

There is no evidence in the record to support the PCR judge's finding that trial counsel was. ineffective in allowing respondent to accept this plea bargain. A finding that is without evidentiary support must be reversed. *Anderson v. State, supra.*

### Conclusion

For the reasons given above, the order granting respondent post-conviction relief is

REVERSED.

MOORE, WALLER, BURNETT, JJ., concur. TOAL, C.J., concurring in part and dissenting in part in a separate opinion.

TOAL, Chief Justice:

I concur in part, and respectfully dissent in part. While I agree with the majority's analysis of the search issue, I disagree with the analysis of the voluntary nature of Rollison's plea. Accordingly, I would affirm the PCR court's ruling.

Rollison argues he was not informed by his counsel or the guilty plea judge that he was pleading guilty to a second offense which carried an enhanced sentence. Therefore, he claims his plea was not knowing and voluntary. I agree.

Entering a guilty plea results in a waiver of several constitutional rights, therefore, the Due Process Clause requires that guilty pleas are entered into voluntarily, knowingly, and intelligently by defendants. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In order for a guilty plea to be knowing and voluntary, a defendant must be aware of the nature and crucial elements of the offense, the maximum and any mandatory minimum penalty, and the nature of

offense was predicated on his January 1995 arrest. The actual sequencing of the pleas is immaterial, as is the issue of respondent's guilt-in-fact, since respondent received the benefit of his constitutional plea bargain.

the constitutional rights being waived. *Dover v. State*, 304 S.C. 433, 405 S.E.2d 391 (1991); *State v. Hazel*, 275 S.C. 392, 271 S.E.2d 602 (1980). When determining issues relating to guilty pleas, the court can consider the entire record, including the transcript of the guilty plea, and the evidence presented at the PCR hearing. *Harres v. Leeke*, 282 S.C. 131, 318 S.E.2d 360 (1984). Any defects in the information conveyed by defense counsel can be cured by information provided at the guilty plea proceeding. *Moorehead v. State*, 329 S.C. 329, 496 S.E.2d 415 (1998). The knowing and voluntary nature of the plea "may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both." *State v. Ray*, 310 S.C. 431, 437, 427 S.E.2d 171, 174 (1993).

Based on the entire record, I would hold Rollison did not enter a voluntary plea. There is little evidence as to what defense counsel communicated with Rollison. Rollison's testimony at the PCR hearing indicates he was not informed by his counsel before his plea that he was charged with possession of crack cocaine with intent to distribute which would be enhanced to a second offense if he pled guilty to the simple possession charge. Furthermore, any defect in the information given to Rollison by his counsel was not cured by the information he received at the plea hearing because the guilty plea judge was not fully informed Rollison was pleading to a second offense.[5]

There are two clear indications, evidenced in the record, that the plea judge was not clearly informed Rollison's charge of possession of crack cocaine with intent to distribute was enhanced to a second offense based on a first offense of simple possession which Rollison was pleading to at the same time. First, the following colloquy occurred during the plea:

_____

**5.** I disagree with the majority's contention in footnote 1 that the plea judge's misunderstanding concerning the fact that Rollison had no previous drug convictions does not, standing alone, entitle Rollison to relief. The plea judge's knowledge is very much at issue. If the judge is misinformed, it is up to the defendant's counsel to correct his information. If counsel fails to correct the judge's perception, his representation has fallen below the objective standard of reasonableness.

The Court: There are three indictments, sir. 96–4898 does allege, sir, that you did on or about June 23, 1995, possess a quantity of crack cocaine with intent to distribute in violation of the laws of South Carolina. Do you understand that charge?

The Defendant: Yes, sir.

The Court: Do you plead guilty or not guilty to that charge?

The Defendant: Guilty, sir.

Therefore, when asking for Rollison's plea of guilty or not guilty, the court made no mention that he was pleading to a second offense.

Secondly, the sequence of the plea indicates the plea judge was not aware Rollison was pleading to a second offense which was based upon a first offense which was pled to at the same time. Rollison pled guilty to the second offense before he pled guilty to the first offense. Furthermore, the plea judge sentenced him for the second offense before the first offense. Therefore, there was no *conviction* for a first offense upon which to base an enhanced sentence for the second offense.

The definition of a second offense is contained in S.C.Code Ann. § 44–53–470 (Supp.2000). It provides, "[a]n offense is considered a second or subsequent offense, if, *prior to his conviction of the offense*, the offender has at any time been *convicted* under this article." *Id.* (emphasis added). The plain meaning of the statute requires a *prior conviction* before an enhanced sentence can be imposed.

As this Court stated in *DeWitt v. S.C. Dep't of Highways & Pub. Transp.*, 274 S.C. 184, 262 S.E.2d 28 (1980),

When the State is prosecuting a person for an offense that carries an enhanced penalty on a conviction of a second or subsequent offense, the State is not required to prove the legality of the prior conviction, nor does it have to show the facts surrounding that conviction. *It is only necessary for the State to prove that a previous conviction exists, that the conviction was for an offense which occurred prior to the commission of the offense for which the defendant is being tried, and the defendant was the subject of that prior conviction.*

*Id.* at 187, 262 S.E.2d at 29–30 (emphasis added). The first offense (for which a defendant was convicted) must have occurred prior to the commission of the second offense. In Rollison's case, this is true. However, the transcript of the guilty plea shows Rollison first pled guilty to and was convicted and sentenced under the June 1995 offense, not the January 1995 offense. Therefore, Rollison pled guilty and was *convicted* of a second offense before he pled guilty and was *convicted* of a first offense.

A defendant can enter a valid plea to a first and second offense at the same plea hearing. However, the court and/or counsel must clearly explain to a defendant the consequences of such a plea. Here, Rollison was not informed his plea to a second offense would result in an increase in his jail sentence by ten years. Furthermore, he was not told he could go to trial on the simple possession charge first before he pled guilty to the possession with intent to distribute second, and that this strategy could have helped him avoid the enhancement of his possession with intent to distribute charge.

There is ample probative evidence in the record to support the PCR court's findings. *See Anderson v. State,* 342 S.C. 54, 535 S.E.2d 649 (2000) (PCR court's findings should be upheld if supported by any probative evidence in the record).

Accordingly, I would **AFFIRM** the lower court's order granting PCR.