THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Frederick Augustine, Petitioner,
 
 
 

v.

 
 
 
 State of South Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Marion County
L. Casey Manning, Plea Judge
 B. Hicks Harwell, Post-Conviction Relief Judge

Memorandum Opinion No.  2005-MO-041
Submitted August 11, 2005 - Filed August 15, 2005

VACATED

 
 
 
 Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia, for Petitioner.
 Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Christopher L. Newton, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Pursuant to a plea bargain, petitioner pled guilty to a number of criminal offenses, including possession of a firearm during the commission of a violent crime.  He later applied for post-conviction relief (PCR), alleging the trial court lacked subject matter jurisdiction to accept his plea to possession of a weapon during the commission of a violent crime.  Finding the guilty plea to be legally improper, the PCR judge remanded the case for resentencing but declined to vacate the conviction altogether.  Petitioner seeks a writ of certiorari to review the PCR judges ruling.
At issue is petitioners conviction for violating S.C. Code Ann. § 16-23-490 (2003), which provides in pertinent part, If a person is in possession of a firearm . . . during the commission of a violent crime and is convicted of committing or attempting to commit a violent crime . . . he must be imprisoned for five years, in addition to the punishment provided for the principal crime.  Although petitioner was indicted for various crimes of violence, pursuant to the plea bargain, he was not convicted of any violent crimes.  As a result, petitioner claims the circuit court lacked subject matter jurisdiction to accept his plea to violating § 16-23-490.  
Subject matter jurisdiction is the power of a court to hear and determine cases of a general class to which the proceedings in question belong.  Pierce v. State, 338 S.C. 139, 526 S.E.2d 222 (2000).  The circuit court undoubtedly has subject matter jurisdiction to hear and determine criminal matters.  Petitioner was indicted for a recognized criminal offense, and he pled guilty as charged.  Therefore, we find the trial court had subject matter jurisdiction to accept petitioners guilty plea.  
Furthermore, we find the PCR judge erred in remanding the case for a new sentencing hearing.  Petitioners plea to possession of a weapon during the commission of a violent crime was not legally improper.  The plea was part of a negotiated plea agreement.  A review of the record indicates petitioner knowingly, intelligently and voluntarily agreed to plead guilty to possession of a weapon during the commission of a violent crime.  Accordingly, we vacate the PCR judges order remanding the case for resentencing.  See Rollison v. State, 346 S.C. 506, 552 S.E.2d 290 (2001) (holding that a defendant may, as part of a plea bargain, agree to plead guilty to a crime for which he has been indicted but for which he is not guilty as long as he understands the nature and crucial elements of the charges, the consequences of the plea, and the constitutional rights he is waiving).
VACATED
 TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.