675 S.E.2d 425

**Donald D. BERRY, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 26618.**

Supreme Court of South Carolina.

Submitted Nov. 19, 2008.

Decided March 23, 2009.

Deputy Chief Appellate Defender Wanda H. Carter, of South Carolina Commission on Indigent Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General S. Prentiss Counts, all of Columbia, for Respondent.

Justice KITTREDGE.

We granted a writ of certiorari to review the denial of Donald D. Berry's application for post-conviction relief (PCR). Berry pled guilty to a drug charge, second offense, and was sentenced to prison. The prior offense for enhancement purposes was a drug paraphernalia conviction. Because a drug paraphernalia conviction does not qualify as a prior offense for enhancement purposes under South Carolina's statutory scheme and plea counsel neither informed Berry of this fact nor made an objection in the plea court, we reverse the denial of PCR, vacate the guilty plea, and remand to the general sessions court.

## I.

Berry pled guilty to manufacturing methamphetamine, second offense, and was sentenced to seven years' imprisonment. The plea was enhanced to a second offense by Berry's prior conviction for possession of drug paraphernalia. As part of the plea agreement, an accompanying possession with intent to distribute methamphetamine charge was dismissed. The PCR court found Berry did not establish his entitlement to relief and denied his application. Berry sought a writ of certiorari, which we granted.

Section 44–53–470 of the South Carolina Code (Supp.2007) states, "[a]n offense is considered a second or subsequent offense if ... the offender has been convicted within the previous ten years of a violation of a provision of this article or of another state or federal statute relating to narcotic drugs, marijuana, depressants, stimulants, or hallucinogenic drugs...." Additionally, section 44–53–375(B)(2) of the South Carolina Code (Supp.2007) provides the following requirements for an enhanced offense:

[F]or a second offense or if, in the case of a first conviction of a violation of this section, the offender has been convicted of any of the laws of the United States or of any state, territory, or district relating to narcotic drugs, marijuana, depressant, stimulant, or hallucinogenic drugs, the offender must be imprisoned for not less than five years nor more than thirty years, or fined not more than fifty thousand dollars, or both.

## II.

Whether a drug paraphernalia conviction qualifies as a prior offense for enhancement purposes has not been decided by this Court. The question is one of statutory construction. *See State v. Dingle*, 376 S.C. 643, 649, 659 S.E.2d 101, 105 (2008) ("In interpreting statutes, the Court looks to the plain meaning of the statute and the intent of the Legislature."). Moreover, in construing a criminal statute, we are guided by the rule of lenity—the principle that any ambiguity must be resolved in favor of the accused. *State v. Blackmon*, 304 S.C. 270, 273, 403 S.E.2d 660, 662 (1991) ("[W]hen a statute is penal in nature, it must be construed strictly against the State and

in favor of the defendant."). We hold that the Legislature intended a prior offense to qualify for enhancement purposes only if the prior offense "relates to" one of the statutorily enumerated drugs.

■ To construe a paraphernalia conviction as "relating to" drugs would be contrary to unambiguously expressed legislative intent and additionally violate the rule of lenity long established in our jurisprudence. Moreover, were we to construe the phrase "relate to" so loosely as to include a paraphernalia conviction, there would essentially be no limitation for qualifying enhancement offenses. We therefore hold that a conviction for possession of drug paraphernalia may not be used for enhancement purposes as it does not "relate to" drugs as statutorily mandated.

## II.

### Ineffective Assistance of Counsel

■ We now turn to Berry's PCR claim of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel under the Sixth Amendment, a PCR applicant must prove deficient representation and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Where a defendant pleads guilty upon the advice of counsel, post-conviction relief is available only when the applicant proves the advice he received from counsel "fell below an objective standard of reasonableness" and that "but for" counsel's deficient representation, he would not have pled guilty. *Hill v. Lockhart*, 474 U.S. 52, 56–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Plea counsel for Berry acknowledges he neither challenged the State's reliance on the paraphernalia conviction for enhancement purposes, nor informed Berry of the potential challenge.

A. Deficient Representation

■ We find plea counsel's failure to inform Berry of the potential challenge of the use of the paraphernalia conviction for enhancement purposes amounts to deficient representation. *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct.

2052. In so ruling, we recognize that a defendant, for a host of legitimate reasons, may plead guilty to an offense for which a valid legal challenge may exist. *See Rollison v. State,* 346 S.C. 506, 510, 552 S.E.2d 290, 292 (2001) ("A defendant may, as part of a plea bargain, agree to plead guilty to a crime for which he has been indicted (or to which he has waived grand jury presentment), but of which he is not guilty."); *Anderson v. State,* 342 S.C. 54, 58, 535 S.E.2d 649, 651 (2000) ("We find the decision to accept a plea to voluntary manslaughter notwithstanding the lack of any provocation was simply a tactical maneuver to avoid the very real possibility that the jury might come back with a verdict of murder. Accordingly, we find the plea was knowingly and voluntarily entered."). The difference in such circumstances between a valid guilty plea and an invalid guilty plea lies in the knowing and voluntary nature of the plea. Here, counsel never informed Berry of the potential challenge to the use of the drug paraphernalia conviction for enhancement. In fact, Berry's plea counsel never gave any thought to the issue.

■■ We believe the Sixth Amendment guarantee of effective assistance of counsel requires that counsel accurately inform a defendant, to the extent possible, of the qualifying nature of a prior offense for enhancement purposes. It may well be that in situations unlike the one before us, the answer is unclear. Yet, an accused is entitled to counsel's considered and reasonable judgment.[1] In fact, uncertainty concerning a potential legal challenge may well provide a defendant a catalyst in plea negotiations with the State. In this regard, a defendant may choose to forgo a legal challenge and opt for what he considers a favorable plea arrangement, especially where other charges will be dismissed or sentences are run concurrently.

This "give and take" lies at the heart of virtually every guilty plea, as plea agreements allow our overly burdened criminal courts to function. The point, for purposes of the issue before us, is that such decisions must be made knowingly

---

1. While the case at hand concerns use of prior convictions for enhancement purposes, this reference to an accused's entitlement to counsel's considered and reasonable judgment clearly has broad application in Sixth Amendment jurisprudence.

and voluntarily with the advice of constitutionally competent counsel. Simply saying "I never gave it a thought" falls short of the Sixth Amendment guarantee of effective assistance of counsel. As a result, we find counsel's failure to even consider whether a paraphernalia conviction qualifies for enhancement, and so inform Berry, fell below the standard of objective reasonableness. We therefore find plea counsel provided constitutionally deficient representation.

## B. Prejudice

 We next turn to the second step in the analysis— whether Berry was prejudiced by the deficient representation. *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. 2052. As this was a guilty plea, Berry "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. 366. During the PCR hearing, Berry repeatedly said that he would have gone to trial had he known that his paraphernalia conviction did not qualify as a prior offense for enhancement purposes. *Cf. Robinson v. State*, 380 S.C. 201, 669 S.E.2d 588 (2008) (Shearouse Adv.Sh. No. 43 at 25) (granting post-conviction relief and remanding for resentencing where prior uncounseled conviction was improperly used for enhancement and applicant insisted that he wanted to plead guilty free of the "unconstitutional prior conviction[ ]"). We find Berry has established the prejudice prong of *Strickland v. Washington*, and we grant him the relief he requests.

## IV.

We grant Berry post-conviction relief and return him to his pre-guilty plea position. Berry's conviction and sentence for manufacturing methamphetamine are vacated. Because the accompanying indictment for possession with intent to distribute methamphetamine was dismissed as part of the plea bargain, it is restored as an active charge. We remand these charges to the general sessions court for disposition.

**REVERSED AND REMANDED.**

TOAL, C.J., WALLER, and BEATTY, JJ., concur.
PLEICONES, J., not participating.