**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

David Eugene Rosier, Jr., Appellant.

Appellate Case No. 2013-002259

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2015-UP-275
Submitted May 1, 2015 – Filed June 3, 2015

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, for Respondent.

**PER CURIAM:**  David Eugene Rosier, Jr. appeals his convictions for voluntary manslaughter and possession of a weapon during the commission of a violent crime.  On appeal, he argues the trial court erred in denying his motion to suppress

jail phone calls or in the alternative denying his motion for a continuance so he could make a motion to suppress the calls to this court pursuant to the South Carolina Homeland Security Act (the Act).[1] He also argues the solicitor made improper comments during closing arguments that deprived him of the right to a fair trial. We affirm.

1. We find the trial court did not have jurisdiction to determine whether the calls should be suppressed under the Act. *See* § 17-30-110(A)(1) ("Prior to any trial, hearing, or proceeding in or before any court . . . any aggrieved person may move to suppress the contents of any intercepted wire, oral, or electronic communication, or evidence derived therefrom, on the grounds that the . . . communication was unlawfully intercepted . . . ."); § 17-30-110(A) (requiring any such motion be made to the "reviewing authority" before trial "unless there was no opportunity to make the motion or the person was not aware of the grounds of the motion"); § 17-30-15(9) (defining "[r]eviewing authority" as "a panel of three judges of the South Carolina Court of Appeals designated by the Chief Judge of the South Carolina Court of Appeals"); *State v. Whitner*, 399 S.C. 547, 551, 732 S.E.2d 861, 863 (2012) (finding a trial court lacked subject matter jurisdiction to suppress evidence under the Act because such motions must be made before a panel of judges of the court of appeals). Therefore, the trial court's ruling denying the motion to suppress is void. *See DeWitt v. S.C. Dep't of Highways & Pub. Transp.*, 274 S.C. 184, 187, 262 S.E.2d 28, 30 (1980) ("The acts of a court without jurisdiction are without effect."). However, because Rosier never made a motion to this court prior to trial as the statute requires and he does not assert he did not have an opportunity to make the motion at the appropriate time, we find he waived his opportunity to seek a determination as to whether the jail phone calls should be suppressed. *See* § 17-30-110(A) (requiring motions to suppress be made to this court before trial "unless there was no opportunity to make the motion or the person was not aware of the grounds of the motion"). We note the trial court's denial of Rosier's motion for a continuance did not prevent Rosier from making his motion to suppress to this court. Had Rosier moved this court to suppress the recordings, the trial would have been stayed pending this court's ruling, making the continuance for the purpose of making his motion to this court unnecessary. *See id.* ("All proceedings requiring the use of the contents of any intercepted communication that are the subject of the motion to suppress pursuant to this section are automatically stayed pending the determination of the motion to suppress."). Furthermore, after the

---

[1] S.C. Code Ann. §§ 17-30-10 to -145 (2014).

trial court initially denied Rosier's motion for a continuance, he informed the trial court that its ruling did not address the issue of making a motion to suppress under the Act. He stated the court of appeals was the statutory reviewing authority for such motions and admitted he had not made a motion to the court of appeals; nevertheless, he proceeded to argue the merits of the issue. Given that Rosier acknowledged the court of appeals was the reviewing authority for such a motion yet sought a ruling from the trial court anyway, he cannot complain on appeal of an error his own conduct induced. *See State v. Carlson*, 363 S.C. 586, 595, 611 S.E.2d 283, 287 (Ct. App. 2005) ("A party cannot complain of an error which his own conduct has induced.").

2. We find the trial court did not commit reversible err in overruling Rosier's objections to statements made by the solicitor during his closing arguments. *See State v. Harris*, 382 S.C. 107, 120, 674 S.E.2d 532, 539 (Ct. App. 2009) ("A trial court is vested with broad discretion in dealing with the range and propriety of a closing argument."); *id*. ("An appellate court will not disturb a trial court's ruling regarding a closing argument unless the trial court commits an abuse of discretion."); *State v. Tubbs*, 333 S.C. 316, 322-21, 509 S.E.2d 815, 818 (1999) ("A new trial will not be granted unless the [solicitor's] comments so infected the trial with unfairness as to make the resulting conviction a denial of due process."). Regarding the solicitor's use of Rosier's nickname, "Dollar," we find the six references to his nickname during closing arguments did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Compare Tubbs*, 333 S.C. at 321-22, 509 S.E.2d at 818 (finding the use of defendant's nickname seven times was "an occasional use" that did not deny the defendant due process), *with State v. Day*, 341 S.C. 410, 423-24, 535 S.E.2d 431, 438 (2000) (finding twenty-three references to defendant's nickname, "Outlaw," was repetitious and excessive and denied the defendant due process), *and State v. Hawkins*, 292 S.C. 418, 420-21, 357 S.E.2d 10, 12 (1987) (finding the use of defendant's nickname over forty times was "excessive and repetitious" and denied the defendant the right to a fair trial), *overruled on other grounds by State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991). Additionally, unlike in *Day* in which the supreme court found the use of the nickname Outlaw was prejudicial because it painted the defendant as a person accustomed to and proud of his abilities in deluding law enforcement, Rosier's nickname, Dollar, does not have a particularly negative connotation and the solicitor did not attempt to make the nickname relevant to the crimes alleged in this case. *See Day*, 341 S.C at 423, 535 S.E.2d at 438. Furthermore, Rosier's assertion the solicitor made an improper "Golden Rule" argument is not preserved because his objection, "[i]mproper argument," was not specific enough to alert the trial court the objection was one

based on an improper Golden Rule argument. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *id*. at 142, 587 S.E.2d at 694 ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground.").

**AFFIRMED.**[2]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.