**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Walter Jacob Merka, Appellant.

Appellate Case No. 2014-001150

———————————

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-417
Submitted September 1, 2016 – Filed October 5, 2016

———————————

**AFFIRMED**

———————————

William G. Yarborough, III, of William G. Yarborough III, Attorney at Law, LLC, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

———————————

**PER CURIAM:** Walter Jacob Merka appeals the circuit court's order denying his motion for a new trial. Merka argues the circuit court erred in (1) denying his motion, which was based in part on the State's failure to inform him about a

conversation between the victim and the solicitor before he entered his guilty plea despite his request pursuant to *Brady v. Maryland*[1] and (2) not questioning him about his mental health history. We affirm.[2]

1. We find the circuit court did not err in denying Merka's motion for a new trial despite Merka's claim that the State violated *Brady v. Maryland* by failing to disclose the victim's statements regarding her desire for Merka to undergo counseling instead of being incarcerated. The only evidence Merka had to prove this conversation between the victim and the solicitor occurred was a text message, which Merka described as "apparently from a friend of the victim's describing the victim's desire for Mr. Merka to receive counseling rather than jail time" and a text message that was "apparently from the victim, desiring to converse with Mr. Merka."[3] These messages do not prove the victim told the solicitor that she did not want Merka to be incarcerated. Additionally, during the hearing, the solicitor acknowledged the victim liked the idea of the Addiction Treatment Unit because of Merka's alcohol issues, but he stated he believed the victim agreed with the State's sentencing recommendation. In light of the solicitor's statements and the fact that the victim testified during sentencing and never stated she did not want Merka to be incarcerated, we find Merka failed to demonstrate the State possessed and suppressed evidence that was favorable to him. *See Gibson v. State*, 334 S.C. 515, 524, 514 S.E.2d 320, 324 (1999) ("[A *Brady*] claim is complete if the accused can demonstrate (1) the evidence was favorable to the accused, (2) *it was in the possession of or known to the prosecution*, (3) *it was suppressed by the prosecution*, and (4) it was material to guilt or punishment." (emphases added) (footnote omitted)).

Furthermore, even if the victim did, in fact, express concern to the solicitor over Merka being incarcerated, we find no *Brady* violation occurred because that information was not material to Merka's guilt or punishment. *See id.* ("[A *Brady*] claim is complete if the accused can demonstrate (1) the evidence was favorable to the accused, (2) it was in the possession of or known to the prosecution, (3) it was suppressed by the prosecution, and (4) *it was material to guilt or punishment*." (emphasis added) (footnote omitted)); *id.* at 525, 514 S.E.2d at 325 ("A *Brady* violation is material when there is a reasonable probability that, but for the

---

[1] 373 U.S. 83 (1963).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.
[3] Merka attached a copy of these text messages to his motion to reconsider; however, the messages were not included in the record on appeal.

government's failure to disclose *Brady* evidence, the defendant would have refused to plead guilty and gone to trial.").

2. We find the circuit court did not err by not questioning Merka on his mental health history during the plea colloquy. During the plea hearing, the circuit court questioned Merka regarding whether he understood the possible sentence he was facing, the fact that his crimes were designated as violent offenses, and whether he had discussed his charges with his attorney. The circuit court also asked Merka whether he was happy with his attorney; had any complaints against law enforcement, his attorney, or the solicitor; was under the influence of drugs or alcohol; had been forced to plead guilty; and understood the rights he was giving up by pleading guilty. In light of the circuit court's questioning during the plea colloquy and the fact that the circuit court was not made aware of Merka's mental health history before the plea hearing, we find the circuit court did not err by not questioning Merka regarding whether he had any past or present mental health issues. *See Rollison v. State*, 346 S.C. 506, 511, 552 S.E.2d 290, 292 (2001) ("All that is required before a plea can be accepted is that the defendant understand[s] the nature and crucial elements of the charges, the consequences of the plea, and the constitutional rights he is waiving, and that the record reflect[s] a factual basis for the plea."); *State v. Thomason*, 355 S.C. 278, 283, 584 S.E.2d 143, 146 (Ct. App. 2003) ("[O]nce a defendant enters a guilty plea, whether to allow withdrawal of the plea is left to the sound discretion of the circuit court.").

Additionally, we disagree with Merka's argument that the circuit court erred in not reconsidering his sentence in light of the after-discovered evidence of his mental health issues. Merka's mental health history could have been "discovered prior to the trial" through "the exercise of due diligence." *See State v. Spann*, 334 S.C. 618, 619-620, 513 S.E.2d 98, 99 (1999) ("In order to prevail in this new trial motion, appellant must show the after-discovered evidence: (1) is such that it would probably change the result if a new trial were granted; (2) has been discovered since the trial; (3) could not in the exercise of due diligence have been discovered prior to the trial; (4) is material; and (5) is not merely cumulative or impeaching.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**