**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Erick E. Wells, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2023-001835

―――――――――

Appeal From Richland County
Jean Hoefer Toal, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2026-UP-071
Submitted February 3, 2026 – Filed February 18, 2026

―――――――――

**REVERSED**

―――――――――

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia, for Petitioner.

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Respondent.

―――――――――

**PER CURIAM:** The State appeals the post-conviction relief (PCR) court's order granting Erick E. Wells a new trial. On appeal, the State argues the PCR court erred in finding Wells entered his guilty plea involuntarily and that plea counsel was constitutionally ineffective. We reverse pursuant to Rule 220(b), SCACR.

We hold probative evidence does not support the PCR court's findings that Wells's guilty plea was involuntary and that plea counsel was ineffective because Wells pled guilty with the understanding of the charges against him, the potential sentences he faced, and the rights he would waive. Furthermore, his guilty plea was made with the decision not to pursue a jury trial in which the discovery related to his actual guilt had already been obtained, and the fact Wells had not received all discovery generally did not preclude him from voluntarily entering a guilty plea. *See Smalls v. State*, 422 S.C. 174, 180, 810 S.E.2d 836, 839 (2018) (stating a reviewing court "defer[s] to a PCR court's findings of fact and will uphold them if there is evidence in the record to support them"); *Taylor v. State*, 404 S.C. 350, 360, 745 S.E.2d 97, 102 (2013) ("In the context of a guilty plea, the deficiency prong inquiry turns on whether the plea was voluntarily, knowingly, and intelligently entered."); *Roddy v. State*, 339 S.C. 29, 34, 528 S.E.2d 418, 421 (2000) ("Although the [plea] court is not required to direct defendant's attention to each right and obtain a separate waiver, the record should indicate the defendant was fully aware of the consequences of the guilty plea."); *Rollison v. State*, 346 S.C. 506, 511, 552 S.E.2d 290, 292 (2001) ("All that is required before a plea can be accepted is that the defendant understand the nature and crucial elements of the charges, the consequences of the plea, and the constitutional rights he is waiving, and that the record reflect a factual basis for the plea."); *Berry v. State*, 381 S.C. 630, 635, 675 S.E.2d 425, 427 (2009) ("[A] defendant may choose to forgo a legal challenge and opt for what he considers a favorable plea arrangement, especially where other charges will be dismissed or sentences are run concurrently."); *id.* at 635-36, 675 S.E.2d at 427 ("The point . . . is that such decisions must be made knowingly and voluntarily with the advice of constitutionally competent counsel."); *Hyman v. State*, 397 S.C. 35, 45, 723 S.E.2d 375, 380 (2012) (disagreeing with the contention "that a criminal defendant may never enter a plea voluntarily without the State first disclosing all of the evidence in its possession"), *abrogated on other grounds by Smalls*, 422 S.C. at 181 n.2, 810 S.E.2d at 839 n.2 (2018); *Hines v. State*, 435 S.C. 476, 490-91, 868 S.E.2d 387, 394 (Ct. App. 2021) (holding that the State's refusal to show the petitioner a video was not prosecutorial misconduct in part because the contents of the video were in no way exculpatory), *aff'd*, 443 S.C. 32, 902 S.E.2d 377 (2024).

We also hold probative evidence does not support the PCR court's finding that Wells was prejudiced by any alleged deficiency because the actual contents of the missing discovery were not introduced nor testified to at the PCR hearing, and Wells merely stated without specificity that it contained "a lot of issues that [were not] researched or addressed." Therefore, we hold Wells has failed to show that

but for the missing discovery, he would not have pled guilty. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("[I]n order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."); *Palacio v. State*, 333 S.C. 506, 512-13, 511 S.E.2d 62, 65-66 (1999) (holding the applicant failed to demonstrate any prejudice resulted from trial counsel's failure to obtain all discovery documents before trial because "the contents of these documents were never revealed at the PCR hearing," resulting in no "evidence of probative value demonstrating how the failure to obtain the unproduced statements or acquire the other documents in a more timely fashion prejudiced the defense").

**REVERSED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.